The trial court divorced the parties in 1978. By agreement, the mother was to have custody of the parties' minor child; the father was to pay $250 per month in child support, to provide health insurance coverage, to pay one-half of all noncovered medical expenses, and to contribute an unspecified amount to an educational trust fund. In June 1992, the mother petitioned the court, asking it to find the father in contempt for his alleged failure to pay child support and medical expenses and to contribute to the trust fund. The parties subsequently entered into a joint modification agreement, whereby the father would pay $600 per month child support and one-half of all medical and related services not covered by insurance; both parties would contribute $1,500 annually toward the educational trust account; and the father would pay $1,000 in attorney fees. The child support was based on the mother's monthly income of $1,138 and the father's monthly income of $4,000.
In September 1994, the father petitioned, pro se, to modify his child support obligation to suspend his payments until he regained employment, alleging that he had been unemployed since January 1994. The wife answered, alleging that no material change in circumstances had occurred to warrant a change or stay of child support. She counterclaimed, alleging that the father was in contempt of the 1992 agreement.
A hearing on the father's petition and the mother's counterclaim was held on March 25, 1995. During the hearing, the court asked the father if he wanted to amend his petition and stated that it would allow the father "to formally amend [the] petition to modify to include all aspects of the financial relationship" between the parties. The father's attorney stated that, based on the court's comments, the father "would formally amend [the] original petition filed pro se by [the father] to include any and all financial matters which were addressed in the 1992 petition." The wife's attorney objected. After the hearing, the court, on April 11, 1995, denied the father's petition to modify, finding the father $9,411 in arrears in child support and $4,672.42 in arrears in contributions to the college trust fund; it awarded the mother $3,372.42 in attorney fees. The father then filed a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment, based on his unrebutted testimony that his income had decreased. He argued that for purposes *Page 156 
of determining an appropriate award of child support, the court should base its determination of his monthly salary on his current annual earnings of $14,500 instead of the $4,000 per month he was earning at the time of the 1992 agreement. The court granted limited relief to the father by calculating his monthly income to be $2,500; this reduced the child support to $350 per month, based on the guidelines of Rule 32, Ala. R. Jud. Admin. The court also recalculated the child support arrearage, using the $350 per month figure, beginning with October 1994, the month after the father had filed his petition. This recalculation resulted in a reduction of the arrearage from $9,411 to $7,081. The mother then moved to amend under Rule 59, alleging that the court had abused its discretion in reducing the child support obligation and arrearage. The court denied her motion, and this appeal followed.
The mother presents three issues for our review: whether the court abused its discretion by considering evidence regarding the father's ability to pay and not considering the needs of the child, thereby reducing the father's child support obligation; whether the arrearage was erroneously calculated; and whether the court committed reversible error in failing to find the father in contempt.
Initially, we note that when ore tenus evidence is presented regarding child support or subsequent requested modifications of a child support order, a presumption of correctness attaches to a judgment based on that evidence. These matters rest soundly within the trial court's discretion, and rulings on them will not be reversed unless they are plainly and palpably wrong. Bobo v. Bobo, 585 So.2d 54 (Ala.Civ.App. 1991).
Modifications of child support obligations are governed by Rule 32, Ala. R. Jud. Admin. Rule 32 was amended in 1992; before the 1992 amendment, section (A)(2) provided:
 "MODIFICATIONS. The child support guidelines shall be used by the parties as the basis for periodic updates of child support obligations. . ..
 "(i) The provisions of any judgment respecting child support shall be modified only as to installments accruing subsequent to the filing of the petition for modification and only upon a showing of a material change of circumstances that is substantial and continuing.
 "(ii) Application of the child support guidelines to the circumstances of the parties at the time of the filing of a petition for modification of the child support order, which results in less than a ten percent change in the amount of support due per month, shall be rebuttably presumed not to be a material change in circumstances.
(Emphasis added.) The rule currently provides:
 "MODIFICATIONS. The child support guidelines shall be used by the parties as the basis for periodic updates of child support obligations.
 "(a) The provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing of the petition for modification.
 "(b) There shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.
Rule 32(A)(3) (emphasis added). The amendment became effective on October 4, 1993, and applies to any petition for modification filed on or after that date. See "Preface Relating to Scope," Rule 32. The amended rule applies in this case.
The amendment to Rule 32 has resulted in some confusion concerning when it is proper for a court to modify a child support obligation. We take this opportunity to dispel that confusion. Rule 32, before the amendment, stated that a modification could be had only when there was a material change in circumstances. The amended rule simply provides that a 10% variation creates a rebuttable presumption, not that a parent *Page 157 
may seek a modification only when that variation exists. We, therefore, conclude that a court may still modify a child support obligation in situations where there is not a 10% variation but there has been a material change in circumstances. The party seeking a modification in that situation, however, does not have the benefit of the rebuttable presumption.
We also feel obligated to respond to the assertions in the dissent concerning whether a court should consider evidence of the child's needs when reviewing a petition to modify. Although the guidelines were formulated using economic research on the cost of supporting children at various income levels, application of the guidelines is primarily a tool used to ensure the adequate support of a child and to ensure consistent treatment of persons in similar circumstances. Rule 32 (Comment). A court is not always required to rely exclusively upon the guidelines, and the rule recognizes that a child may have needs that surpass the support provided by their application. Rule 32(C)(4). Rule 32 establishes a presumption that the application of the guidelines in a modification proceeding results in the correct amount of child support; however, if the trial court determines that application of the guidelines would be manifestly unjust or inappropriate, a written finding sufficiently rebuts that presumption. Rule 32(A), Ala. R. Jud. Admin. Further, a "trial court's failure to apply the guidelines or to present findings of fact based upon evidence presented to the court as to why the guidelines were not followed requires reversal." Simmons v. Ellis,628 So.2d 804, 804 (Ala.Civ.App. 1993) (citations omitted); Doll v.Doll, 681 So.2d 601 (Ala.Civ.App. 1996). Neither the amended rule nor the opinions of this court released after the amendment require a court to consider only certain types of evidence. See, e.g., Scholl v. Parsons, 655 So.2d 1060
(Ala.Civ.App. 1995); DeMo v. DeMo, 679 So.2d 265
(Ala.Civ.App. 1996); Little v. Little, 680 So.2d 308
(Ala.Civ.App. 1996). The inquiry should not be limited solely to the financial situations of the parties, as suggested in the dissent. A court should consider any evidence that is material and relevant to the question of modification. The evidence, of course, will most likely concern the needs and best interests of the child and the parent's ability to pay.
Our review of the record indicates that the court excluded from its consideration any evidence regarding the needs of the child. Specifically, the court stated, "I'm going to base my decision in this case . . . on provable financial resources available, irrespective of the need." Clearly, the court abused its discretion; therefore, we reverse that portion of the judgment setting an amount of child support and remand the case for further proceedings for the court to consider evidence regarding the needs of the child.
The trial court may exercise its discretion in setting the effective date of a modification. Rogers v. Sims, 671 So.2d 714
(Ala.Civ.App. 1995). We conclude that the court did not abuse its discretion in recalculating the arrearage, effective from the time the father filed his petition. However, because we are reversing the judgment and remanding the case for further proceedings as to the needs of the child, it follows that the arrearage recalculation must also be reversed and the case remanded for the trial court to determine if a child support modification is warranted and, if so, to then recalculate the arrearage.
Although the mother argues reversible error in allowing the father to amend his petition during the hearing, it was within the court's discretion to allow the amendment because it determined that the issues relating to reducing child support and to payments to the trust fund related to the original petition. Rule 15, Ala. R. Civ. P.
Regarding the contempt issue, although there was incriminating testimony regarding the father's spending habits, we cannot say that the court abused its discretion in failing to find the father in contempt. This court has held that the question whether a party is in contempt for nonpayment of child support is within the sound discretion of the trial court, and absent an abuse of that discretion this court will affirm.Stack v. Stack, 646 So.2d 51 (Ala.Civ.App. 1994). *Page 158 
The mother's request for an attorney fee on appeal is granted in the amount of $1,000. Wilson v. Wilson, 537 So.2d 942
(Ala.Civ.App. 1988).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY, J., concurs in part and dissents in part.