This is a child support modification case.
The parties were divorced in 1983; the mother was awarded custody of the parties' minor daughter and the father was ordered to pay child support. The father's child support obligation was most recently modified in 1993, when his monthly child support payment was increased to $882. On January 24, 1995, the father filed the current petition to modify his child support obligation. On March 15, 1995, the mother filed a petition for a rule nisi and a petition to modify. The trial court conducted a hearing on the petitions on September 15, 1995. On March 21, 1996, the trial court entered a judgment in which it found that mother was capable of gainful employment and imputed minimum wage income to her; found that the father's income fluctuated and had decreased from $5,954 per month in 1994 to $2,500 per month in 1995, and averaged these incomes to impute income to the father of $4,227 per month; modified child support to require the father to pay $516.49 per month; and ordered that the reduction in support would apply retroactively to October 1, 1995. The trial court awarded the mother an attorney fee but offset the fee against the overpayments the father had made to the mother since the date of the hearing; thus, the father was only required to pay the mother an attorney fee of $169. The mother filed a motion to alter, amend, or vacate the judgment and a motion for a new trial; the trial court denied the motions. The mother appeals.
An award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing. Browning v. Browning, 626 So.2d 649
(Ala.Civ.App. 1993). The parent seeking the modification bears the burden of proof. Cunningham v. Cunningham, 641 So.2d 807
(Ala.Civ.App. 1994). Whether circumstances justifying modification of support exist is a matter within the trial court's discretion.Id. We will not disturb the trial court's decision on appeal unless there is a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong.Id.; Douglass v. Douglass, 669 So.2d 928, 930
(Ala.Civ.App. 1995).
The mother argues that the trial court's computation of child support failed to comply with the child support guidelines contained in Rule 32, Ala.R.Jud.Admin., and that it impermissibly deviated from the guidelines without stating its reasons for doing so. Once a change of circumstances justifying modification is proven, Rule 32(A) establishes a rebuttable presumption that the amount of child support that results from application of the guidelines is the correct amount of child support to be awarded. Cunningham, supra, at 809. However, the presumption may be rebutted upon a determination by the trial court that application of the guidelines would be " 'manifestly unjust or inequitable,' " and upon entry of a written finding to that effect. Stewart v.Kelley, 587 So.2d 384, 385 (Ala.Civ.App. 1991) (quoting Rule 32(A)(ii), Ala.R.Jud.Admin.).
The father petitioned for a modification based on his assertion that he has recently faced a substantial reduction in his earnings. The mother asserts that the trial court's finding that the father earns $4,227 per month is not supported by the evidence; she claims that the father earns $92,000 per year, or $7,666 per month. The testimony at trial indicated that the father operates a branch office of his family's business, Business Systems and Consultants, Inc., which sells filing systems and business equipment. His 1994 tax return, which was admitted into evidence, reveals that in 1994 he earned approximately $72,000. The father testified that in January 1995 he was informed that, because of continued losses sustained by his branch of the business, he would no longer be paid his $6,500 monthly salary, but would be paid $1,000 per month, a $2,000 draw, and any commissions that he earned above $2,000. He said that if he did not earn at least $2,000 in commissions per month, he would owe that money to the company, and that, at the time of trial, he owed the company about $2,300.
However, Robert Letson, Jr., an accountant for Business Systems, testified that, according to the company's year-end statement of earnings, the father had earned $92,636 *Page 376 
for the fiscal year ending on June 30, 1995, about two and one-half months before the trial. He also stated that for part of the year the father had earned a base salary but that, as part of the company's cost-cutting measures, his compensation arrangement had been changed to a commission structure. On cross-examination, the father said that he did not disagree with the accountant's statement that he had earned $92,000 for the year preceding the trial.
We note that a trial court's judgment based on ore tenus evidence is entitled to a presumption of correctness if it is supported by the evidence. Pruitt v. Pruitt, 669 So.2d 931
(Ala.Civ.App. 1995). However, from a review of the record, it appears that the father earned more in 1995 than he had earned in 1994. Although Letson's testimony supported the father's assertion that he was being paid based on commissions rather than a salary, that testimony does not support the father's claim that his earnings had decreased as a result of the change. Our review of the record leads us to conclude that the trial court's finding that the father's income had decreased was not supported by the evidence. Therefore, the trial court abused its discretion in finding that the father proved a material change in circumstances that is substantial and continuing. Furthermore, the trial court's computation of the father's monthly income as $4,227 is not supported by the evidence. Thus, we also hold that the trial court abused its discretion by failing to correctly compute child support in accordance with Rule 32, Ala.R.Jud.Admin., and that its judgment establishing child support is plainly and palpably wrong. This portion of the trial court's judgment is due to be reversed.
The mother also contends that the trial court abused its discretion by imputing income to her for the calculation of child support. Rule 32(B)(5) provides that a trial court may find that a parent is voluntarily unemployed or underemployed and may estimate and impute income to that parent; the rule affords the trial court discretion in making such a determination. Cunningham, 641 So.2d at 809. The evidence indicates that the mother last worked in 1993 as a clerk and that at that job she earned approximately $100 per week. We cannot say that the trial court abused its discretion by finding that the wife is capable of working and that she is voluntarily unemployed, or that it abused its discretion by imputing minimum wage income to her.
The mother additionally argues that the trial court erred by ordering that the support modification apply retroactively to the month after the hearing on the father's petition. The effective date of the modification is a matter within the sound discretion of the trial court. Murphy v. Murphy,491 So.2d 978 (Ala.Civ.App. 1986); Culverhouse v. Culverhouse,389 So.2d 937 (Ala.Civ.App. 1980). While we find no abuse of discretion by the trial court in ordering that its judgment would apply retroactively, our reversal of the modification of child support makes this issue moot.
The mother's request for an attorney fee for this appeal is denied.
For the above-stated reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.