ROBERTSON, Presiding Judge.
The Lamar County Circuit Court entered a judgment divorcing Oscar Wdson and Marie Wdson on May 20, 1994. On November 14, 1996, the father petitioned to modify his ehdd support obligation, adeging that there had been a material change in circumstances.
After hearing ore tenus evidence, the trial court denied the father’s petition on January 11, 1997, holding that “had [the father] proved a material change in circumstances, this provision [sic] was not triggered because the change in child support amounts only to 5.6%.”
The father appeals, arguing that the trial court “erred by holding that it could not consider, as a matter of law, a material change in circumstances where the variance in ehdd support obligation of the appellant did not equal or exceed ten (10) percent under Ala.R.Jud.Admin. 32(A)(3)(b).”
The record in this appeal does not contain the judgment of divorce, but it does indicate that there were three chddren born of the marriage. The record shows that the father’s present ehdd support obligation is $874 per month. The basis of the father’s petition for modification was that his income had decreased to such an extent that he was entitled to a reduction in his ehdd support obligation.
Based upon a careful reading of the record and the trial court’s judgment, we conclude that the trial court determined that even if the father had otherwise proven a material change in circumstances, that proof could not be considered because the father had faded to show a 10% variance in his ehdd support obligation. Denial of the father’s petition on the sole basis that the father faded to show a 10% or more variance between his existing ehdd support obligation and the amount determined by application of the guidelines was error. Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App.1996).
It would equally be error for a trial court to deny a party’s petition to increase ehdd support solely on the basis that he or she had faded to show a 10% variance in the ehdd support obligation. See Rule 32(A)(1).
The recommendations accompanying the proposed addition of the 10% variance language in 1993 indicate that it was not proposed to change existing law.
“In order to comply with federal regulations, it is recommended that references to the necessity for showing a material change in circumstances be deleted from Section (A)(2)(i) [To be renumbered (A)(3)(a) ] and that Section (A)(2)(d) [To be renumbered (A)(3)(b) ] be amended to provide that a ten percent variance between an existing order and the amount determined by the guidelines be rebuttably presumed to be a material change in circumstances sufficient for modification. The addition of such a presumption would not appear inconsistent with current state law.”
Recommendations for Revision of the Alabama Child Support Guidelines Rule 32, *479 Alabama Rules of Judicial Administration, Report of the Supreme Court Advisory Committee on Child Support Guidelines and Child Support Enforcement (August 1993). (Emphasis added.)
Under the current amendment to the rule, effective October 4,1993, and adopted pursuant to the above recommendations, the 10% variance is the point at which the trial court should presume, subject to rebuttal from the opposing party, that a modification is warranted solely as a result of application of the guidelines to the parties’ income. That is, when a party presents evidence of a 10% variance, that party is entitled to a rebutta-ble presumption that there has been a material change in circumstances.
This court addressed the proper application of the rule in Williams, supra:
“The amended rule simply provides that a 10% variation creates a rebuttable presumption, not that a parent may seek a modification only when that variation exists. We, therefore, conclude that a court may still modify a child support obligation in situations where there is not a 10% variation but there has been a material change in circumstances. The party seeking a modification in that situation, however, does not have the benefit of the rebuttable presumption.”
689 So.2d at 156-57 (emphasis added).
The failure to prove a 10% variance is not equivalent to a failure to prove a material change in circumstances. Id. The denial of the father’s petition must turn on a finding by the trial court that the father has failed to establish a material change in circumstances; that finding must be based on all relevant evidence regardless of the percentage variance by application of the guidelines. Id. Accordingly, the judgment is reversed, and the ease is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.