MURDOCK, Judge.
On January 29, 1997, Tolsa R. Travis-Johnson (“the wife”) sued Keith Elliott Johnson (“the husband”) for a divorce in the Macon Circuit Court. That action was docketed as case no. DR-97-10. The wife was granted custody of the parties’ three children pending a final hearing.
Following a trial on March 30, 2000, in which evidence was received ore tenus, the trial court entered a final judgment of divorce on January 31, 2001, that continued custody of the three children in the wife, awarded the marital residence to the wife, and awarded each party certain personal property. That judgment also ordered the husband to pay child support beginning on the date of the judgment rather than at the time of the hearing or any earlier date; reserved the issue of periodic alimony; and divided the marital debts.
On February 21, 2001, the wife filed a timely postjudgment motion to alter, amend, or vacate the judgment, alleging that the trial court erred 1) by not ordering retroactive child support for the period between the date of trial — March 30, 2000 — and the date of the final judgment— January 31, 2001; 2) by not awarding the wife any alimony; and 3) by not equitably dividing the marital debts. Subsequently, on April 23, 2001, the husband filed a motion to alter, amend, or vacate the judgment, asking the trial court to reduce his child-support obligation because one of the children had recently reached the age of majority. The husband’s motion was untimely.
Although the wife’s timely postjudgment motion extended the time for the parties to take an appeal from the trial court’s January 31, 2001, final judgment, see Rule 4(a)(3), Ala. RApp. P., that postjudgment motion was denied by operation of law on May 22, 2001. See Rule 59.1, Ala. R. Civ. P. As a result, the deadline for filing a notice of appeal from the January 31, 2001, judgment was July 3, 2001.[1]
On July 5, 2001, the wife filed a notice of appeal from the trial court’s January 31, 2001, final judgment. Because that appeal was untimely, this court dismissed it pursuant to Rule 4(a), Ala.R.App. P. See Travis-Johnson v. Johnson, (No. 2001012, Aug. 7, 2001) 841 So.2d 325 (Ala.Civ.App.2001) (table). The trial court’s January 31, 2001, final judgment therefore became res judicata as to the three issues (i.e., retroactive child support, alimony, and the division of the marital debts) enumerated above.
*784 On June 22, 2001, the husband filed a petition for modification and for rule nisi seeking a reduction in the amount of his child-support obligation, again asserting that one of his children had recently reached the age of majority and that a second child was several months away from doing so. In this modification petition, the husband also requested a credit for having overpaid child support as a result of an income-withholding order and the wife’s “interception” of an income-tax refund. Finally, he also requested some relief relating to visitation. This modification petition was docketed as case no. DR-97-10.01.[2]
In June 2001, the trial court set a hearing date to address what it referred to as “all pending motions.” After that hearing, the trial court entered an order on September 25, 2001; in that order the court adjusted the husband’s child-support obligation in recognition of the fact that one of the children had reached the age of majority and that another child was about to do so, reserved the question of whether or how much the husband may have overpaid in child support because of the aforementioned withholding order and tax-refund interception, and provided limited relief to the husband in regard to visitation. The September 25, 2001, judgment also purported to deny all other pending motions.
On October 30, 2001, the wife filed a notice of appeal from the trial court’s September 25, 2001, judgment. On appeal, the wife argues that the trial court erred by denying her postjudgment requests for 1) retroactive child support for the period from March 30, 2000, to January 31, 2001; 2) periodic alimony; and 3) a more equitable division of the marital debts. However, as previously discussed, the wife’s postjudgment motion raising these three issues was denied by operation of law on May 22, 2001. The trial court therefore had no continuing jurisdiction with respect to those issues and that portion of its September 25, 2001, judgment purporting to deny relief to the wife with respect to those issues was void. Ex parte Davidson, 782 So.2d 237, 241 (Ala.2000); Robinson v. Robinson, 840 So.2d 180 (Ala.Civ.App.2002). A void judgment will not support an appeal. Kid’s Care, Inc. v. Alabama Dep’t of Human Resources, 843 So.2d 164 (Ala.2002); Carter v. Hilliard, 838 So.2d 1062 (Ala.Civ.App.2002). This appeal is therefore dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. The husband's untimely postjudgment motion did not extend the time for either party to file a notice of appeal. See Boykin v. International Paper Co., 777 So.2d 149 (Ala.Civ.App.2000).

. The filing of a petition to modify a domestic-relations judgment is, for purposes of applying the rules of procedure, treated as the filing of a separate action. Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000).