872 So.2d 153 (2003)
DeeAnn K. DUKE
v.
William W. DUKE II.
2010889.
Court of Civil Appeals of Alabama.
February 7, 2003.
On Return to Remand August 22, 2003.
*154 Rick Battaglia of Battaglia Law Office, Montgomery, for appellant.
William W. Duke II, pro se.
CRAWLEY, Judge.
DeeAnn K. Duke ("the mother") and William W. Duke II ("the father") were divorced by a judgment entered by the Montgomery Circuit Court on June 22, 2001. That judgment incorporated the terms of an agreement that the parties had entered into regarding custody of, and child support for, the parties' two minor children. That agreement provided that the father would pay $700 per month in child support.
In the divorce judgment, the trial court stated that the parties had executed a CS-43 "Notice of Compliance" form, see Rule 32, Ala. R. Jud. Admin. The trial court also stated in its judgment that "[t]he reasons stated in the Agreement/Notice of Compliance, if any, in rebuttal of the presumption in favor of the guidelines determination of child support are adopted herein as findings of the court." At the bottom of the CS-43 form, in the portion of the form designated for "Comments, Calculations or Rebuttals to Guidelines," the following language appeared:
"Rule 32 will not be used because the [father] will pay $700 per month [in] child support, and this amount is more than would be provided under the Guidelines. Both [parties] feel that this is in the best interest of the child[ren]."
No appeal was taken from the June 22, 2001, divorce judgment.
On October 22, 2001, the father, acting pro se, petitioned the trial court for a modification of the divorce judgment. The father asserted that the $700 a month in child support he was obligated to pay pursuant to the divorce judgment was causing him financial hardship and that the amount exceeded more than 50% of his "disposable *155 earnings."[1] The father requested that the court modify his child-support obligation by decreasing his monthly obligation from $700 to $441, an amount the father claimed would be in compliance with the child-support guidelines set forth in Rule 32.
The trial court set the matter for trial on March 5, 2002. On January 15, 2002, after the father had retained counsel, the father filed an amended petition for modification, claiming that, before the divorce judgment had been entered, the mother's counsel had falsely informed him that the amount he had agreed to pay ($700 per month) was only approximately $50 more per month than the amount that he would be required to pay upon application of the child-support guidelines and that, if he had been aware that the actual amount of child support provided by the guidelines was $441 per month, he would not have agreed to pay $700 per month.
In May 2002, following an ore tenus proceeding, the trial court entered a judgment reducing the father's monthly child-support obligation from $700 to $547, an amount in compliance with the child-support guidelines. The trial court found that, because the difference between the father's existing child-support obligation and the amount determined by application of the child-support guidelines exceeded 10%, a rebuttable presumption in favor of modifying the father's child-support obligation was created pursuant to Rule 32(A)(3)(b), Ala. R. Jud. Admin., and the mother had failed to rebut that presumption.
Rule 32(A)(3)(b), Ala. R. Jud. Admin., establishes a rebuttable presumption that an existing child-support award should be modified when:
"the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines."

(Emphasis added.)
The trial court expressly determined that the parties, in entering into the agreement incorporated into the divorce judgment, had not rebutted the presumption that the amount of the award that would result from the application of the child-support guidelines was the correct amount to be awarded because, the trial court reasoned, the parties had agreed upon an amount in excess of the guideline amount instead of, as is more customary, an amount lower than that established by the guidelines. In its May 2002 judgment, the trial court stated:
"Was this a rebuttal of the Guidelines? The Court does not believe that an agreement to pay more than the Guideline [amount] is a rebuttal of the [presumption]. If anything, it is a confirmation of the [presumption]. Hence, there is no need to show a change of circumstances."
The mother timely appealed from the judgment modifying the father's child-support obligation. Initially, we note that a trial court may modify a child-support award upon a showing of a substantial and continuing change in circumstances. *156 State ex rel. Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App.1995). "Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child." Id. at 518. The paramount consideration in making a child-support award is the best interest of the child. Balfour v. Balfour, 660 So.2d 1015 (Ala.Civ.App. 1995).
The trial court determined that this case was not governed by Rule 32(A)(3)(b) because the parties had agreed in their settlement agreement to deviate from the guideline amount to a higher amount of child support because the increased amount would be in the children's best interest. We find no merit in this distinction. Although the majority of cases in which there has been a deviation from the guidelines involve a lesser award and thus invoke the presumption in favor of the guidelines, there are many cases in which the deviation has involved a higher award. See, e.g., Amaro v. Amaro, 843 So.2d 787 (Ala.Civ.App.2002) (affirming a judgment in which the trial court ordered the father to pay an amount in excess of the guideline amount because the trial court had imputed additional income to the father); Roberts v. Roberts, 802 So.2d 230 (Ala.Civ.App. 2001) (affirming a child-support award in excess of the guideline amount because the parties' combined income exceeded the uppermost level of the child-support guideline schedule); Simmons v. Simmons, 781 So.2d 236 (Ala.Civ.App.2000) (affirming a child-support award in excess of the guideline amount because the paying spouse received overtime pay that was substantial and continuing).
The trial court acknowledged in the June 22, 2001, divorce judgment that the parties had entered into a fair agreement regarding child support, "the adequacy of which has been reviewed by the Court and/or a Notice of Compliance form filed in accordance with Rule 32, [Ala. R. Jud. Admin.]" No appeal was taken from the divorce judgment. Thus, the father's modification petition asking the trial court to reconsider whether the parties, in the original divorce proceedings, had adequately rebutted the Rule 32 presumption in favor of the guideline amount was an impermissible collateral attack upon the original divorce judgment. See Campbell v. Campbell, 827 So.2d 111, 114 (Ala.Civ.App. 2002) (affirming a trial court's denial of a father's petition for modification on the ground that it was barred from considering the father's request for a credit against his child-support arrearage when the father had failed to appeal from a judgment that calculated his arrearage for the time in which he claimed to have made payments and for which he sought a credit); Moorer v. Moorer, 487 So.2d 947, 947-48 (Ala.Civ.App.1986) (affirming the denial of a petition for modification where the petitioner attempted to recharacterize a periodic-alimony award in the original divorce judgment as child support and where no appeal had been taken from the divorce judgment).
Moreover, it is well settled that in a case where the parties agree to or stipulate to an amount of child support, the trial court may accept the filing of a CS-43 Child Support Guideline Notice of Compliance form in lieu of an otherwise required CS-41 Child Support Obligation Income Statement/Affidavit form and a CS-42 Child Support Guidelines form. Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994).
Therefore, we conclude that the parties, by agreement, deviated from the guideline amount for the expressed reason that the higher amount was in the children's best interest, and we further determine that the stated reason was sufficient to rebut the presumption in favor of the *157 guideline amount. In reviewing the trial court's judgment modifying the father's child-support obligation, we must determine whether there "has been [a] change in the circumstances that resulted in the [initial] rebuttal of the guidelines" so as to justify the trial court's modification. Rule 32(A)(3)(b), Ala. R. Jud. Admin. We conclude that there has been no such change.
The trial court, in the May 2002 judgment, accurately depicts the circumstances that existed at the time of the entry of the divorce judgment and those changes in circumstances that each party has experienced since that time:
"The divorce [judgment] was entered in June 2001, at which time [the father] agreed to pay $700 per month in child support when the Guidelines would have called for $441. [The father] says that he knew he was paying more than the Guidelines amount but denies that he knew how much more. There is no definite evidence that he was made aware of the Guidelines amount. He ought to have done a better job in looking after his own interests.
"He now has a new wife who has custody of two children of her own. [The mother] has not remarried. Each earns somewhat more than they were earning in 2001."
The father testified that he is currently married to a woman who has custody of her two children and that she is employed as a paralegal at a law firm. There was evidence presented indicating that the father's income had increased since the entry of the divorce judgment. However, no evidence was presented to indicate any changed circumstances that would entitle the father to a modification of his child-support obligation. In order to establish that he is entitled to a modification of the child support ordered in the original divorce judgment, the father must demonstrate a change in the circumstances that resulted in the rebuttal of the presumption in favor of the child-support guidelines. This he has not done.
The father's October 22, 2001, petition to modify the June 22, 2001, divorce judgment also alleged that the agreement requiring him to pay $700 in monthly child support was obtained by fraud or misrepresentation. The trial court made no findings of fact or conclusions of law with respect to that allegation because it had already modified the father's child-support obligation on another ground. When the trial court determined that the parties' statement on the CS43 form was not a rebuttal of the Rule 32 guidelines, it necessarily concluded that the father was not required to show a material change of circumstances in order to be entitled to a modification of his child-support obligation and that there was no need to set aside or modify the divorce judgment on the basis of fraud or misrepresentation.
Because we have concluded that the trial court erred as a matter of law in its determination that the parties' statement on the CS-43 form was not a rebuttal of the Rule 32 guidelines and because we have also concluded that the father did not establish a material change of circumstances entitling him to a child-support modification, we can uphold the trial court's modification order only if there is some other basis on which to set aside or modify the child-support provisions of the divorce judgment. We, therefore, remand this cause to the trial court with instructions to make a determination regarding the father's fraud or misrepresentation claim. See Rule 60(b)(3), Ala. R. Civ. P., and Bank of Loretto v. Bobo, 37 Ala.App. 139, 67 So.2d 77 (1953).
REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

*158 On Return from Remand

CRAWLEY, Judge.
The parties have reached a settlement regarding all the issues that were implicated by our remand, and the trial court has approved the settlement. According to the terms of the approved settlement agreement, the father's monthly child-support obligation is $547.50, and the father will be allowed visitation with the minor children "at times mutually agreed upon by the parties."
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
NOTES
[1] The term "disposable earnings" is misleading. The father testified that he was having his employer, the Montgomery Police Department, deduct a certain amount from each of his paychecks to make the payments on his 1995 Jeep Wrangler and his motorcycle and that he was having an additional amount deducted from each of his paychecks as an installment payment on a signature loan from a credit union.