These consolidated appeals arise from two judgments entered by the Jefferson Circuit Court dismissing two related appeals from the Jefferson Family Court.
In August 2000, the State of Alabama, on behalf of Regina Vanhorn ("the mother"), filed a complaint in the family court seeking an adjudication of paternity as to her three children.[1] In April 2001, the family court entered a default judgment against Mark A. Thomas ("the father"), declaring him to be the father of the mother's three children and ordering him to pay monthly child support in the amount of $411 beginning in May 2001. At the same time, the family court ordered the father to begin paying $50 per month toward $3,700 in retroactive child support the family court had awarded. The father did not appeal from that judgment.
In October 2001, the State of Alabama, again on behalf of the mother, filed a petition requesting that the family court find the father in contempt for allegedly failing to pay the court-ordered child support; that case was assigned case no. CS-2000-1475.01. On November 29, 2001, the family court held a hearing on the matter and entered a judgment finding that the father's child-support payments were $6,023.78 in arrears; that judgment also awarded interest in the amount of $276.54 on that arrearage. The family court also found the father to be in contempt and ordered him "committed to the county jail until further order." The father did not appeal from that judgment. The family court held compliance review hearings in December 2001, February 2002, March 2002, and April 2002. During the time the father was incarcerated, he lost his job. At the April 2002 hearing, the family court released the father from jail, but it ordered him to obtain employment and to pay $300 within 14 days. *Page 490 
In May 2002, the father filed a pro se petition to modify his child-support obligation; in that petition, he sought to reduce the amount of his monthly child-support payments (CS-2000-1475.02). At a hearing in May 2002, the family court did not address the father's petition to modify but instead ordered the father to increase to $100 the amount of his monthly payments toward his accrued arrearage. The family court scheduled a compliance hearing for June 28, 2002. The family court later continued that hearing until August in order to hear all pending motions and petitions. The father failed to appear at the August 2002 hearing; the family court then issued an arrest warrant and set a cash bond in the amount of $10,794 over the objection of the father's attorney. The father was located and incarcerated again on September 3, 2002.
The family court heard all pending motions and petitions at a hearing held on October 23, 2002. The father was transported from jail to attend that hearing, during which he submitted a Form CS-41 child-support affidavit (see Rule 32, Ala.R.Jud.Admin.) to the family court; in the child-support affidavit he indicated that he had no income and no assets. That same day the family court denied the father's petition to modify his child-support obligation and ordered him to remain in jail because he had not submitted a "purge plan" and had failed to appear at the August 2002 hearing. The father filed a notice of appeal to the Jefferson Circuit Court from the family court's October 23 judgment on October 25, 2002; that appeal was docketed in the circuit court as case no. DR-02-3114. In November 2002, the father filed in the circuit court a motion for immediate release and a petition for a writ of mandamus. The circuit court conducted a hearing on the father's appeal, motion for release, and mandamus petition on November 22 and 27, 2002.[2] On December 2, 2002, the circuit court entered a judgment purporting to transfer the action back to the family court, stating in its order that it did not have jurisdiction over the action because the family court had not entered a final judgment. The father filed a motion to alter, amend, or vacate the circuit court's judgment, but that motion was denied on January 21, 2003; he appealed to this court on February 24, 2003.
On February 12, 2003, during the period in which the circuit court's judgment "transferring" the appeal from the October 23 judgment of the family court could be appealed to this court, the family court held a hearing over the objection of the father's attorney regarding the father's child-support arrearage. At that hearing, the family court noted that the father had failed to appear, found him in continuing contempt of court, and issued a new arrest warrant for the father, setting the cash bond amount at $13,887. The father filed a second notice of appeal to the circuit court, challenging the family court's order of February 12, 2003, on the grounds that that order was void for lack of jurisdiction; that appeal was assigned case no. DR-03-563. The circuit court dismissed that appeal on March 3, 2002. Two weeks later, on March 17, 2003, the circuit court set aside its March 3, 2003, judgment of dismissal in case no. DR-03-563 and entered a new judgment of dismissal in that case, stating that the identical cause of action existed in case no. DR-02-3114; *Page 491 
however, by the time the circuit court entered its March 17, 2003, dismissal order, case no. DR-02-3114 had already been appealed to this court.
On April 2, 2003, the father filed a motion to alter, amend, or vacate in the circuit court's judgment of dismissal in case no. DR-03-563; that motion was denied on April 15, 2003. The father then filed a second notice of appeal to this court; this court consolidated the father's two appeals on May 2, 2003.
Rule 28, Ala.R.Juv.P., governs appeals from final judgments of juvenile courts. This court may exercise direct appellate jurisdiction over a juvenile-court judgment in only two circumstances: (1) when "[a] record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto," Rule 28(A)(1)(a), Ala.R.Juv.P., and (2) when "[t]he parties stipulate that only questions of law are involved and the juvenile court certifies the questions," Rule 28(A)(1)(b), Ala.R.Juv.P. Appeals from final juvenile-court judgments in all other cases, including those cases where there is not an adequate record under Rule 28(A)(1)(a) "shall be to the circuit court for trial de novo." Rule 28(B), Ala.R.Juv.P. See generally State ex rel. Provitt v.Coleman, 821 So.2d 1015 (Ala.Civ.App. 2001); R.L.B. v. Morgan CountyDep't of Human Res., 805 So.2d 721 (Ala.Civ.App. 2001).
The law is well settled that "'[a]n appeal will not lie from an order or judgment which is nonfinal.'" K.L.U. v. M.C.,_ 809 So.2d 837, 840
(Ala.Civ.App. 2001) (quoting Robinson v. Computer Servicenters, Inc.,360 So.2d 299, 302 (Ala. 1978)). Child-support judgments are never absolutely "final" in the strictest sense, because such judgments are always subject to modification in the future upon a showing of a material change in circumstances. See, e.g., K.L.U. v. M.C., supra. After thoroughly reviewing the record, we conclude that the family court's October 23, 2002, judgment that denied the father's petition to modify child support and ordered him to remain incarcerated was a final judgment and that that judgment was appealable, pursuant to Rule 28(B), Ala.R.Juv.P., to the circuit court for a trial de novo. Thus, the circuit court erred in refusing to review the family court's October 23, 2002, judgment, on the stated basis that the father's appeal was from a nonfinal order and in purporting to transfer the appeal back to family court. See Ex parte State, 700 So.2d 1369 (Ala. 1997).
Having concluded that the father's appeal to the circuit court from the family court's October 23, 2002, judgment was properly taken, we now review the family court's February 12, 2003, judgment. That judgment, apparently holding the father in contempt for failing to appear in court for a compliance review and ordering the father's arrest, is also a final judgment from which the father could properly appeal. See Rule 70A(g), Ala.R.Civ.P. Although the father argues that the family court's February 12, 2003, judgment is void because it was entered after the family court's judgment denying his petition to modify his child-support obligation, that second family-court judgment was a separate appealable
judgment enforcing the family court's earlier unappealed support judgments. The second appeal thus arises from related but not identical facts, and the circuit court incorrectly dismissed the father's second appeal as being "the identical cause of action previously existing as [case no.] DR-02-3114." Based on our review of the record, we conclude that the circuit court erred in failing to exercise jurisdiction over case no. DR-03-563. *Page 492 
Because the circuit court erred in failing to exercise its appellate jurisdiction in both of the father's appeals, we reverse the circuit court's judgments in both case no. DR-02-3114 and case no. DR-03-563 without reaching the substantive merits of the family-court judgments from which the father has sought de novo review in the circuit court. We remand the causes to the circuit court for de novo proceedings. See Rule 28, Ala.R.Juv.P. On remand, the circuit court should determine whether the father's failure to appeal from the family court's 2001 judgments precludes him from challenging all or part of the family court's October 23, 2002, and February 12, 2003, judgments.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur.
CRAWLEY, J., concurs in the result.
[1] In Jefferson County, the Jefferson Family Court exercises jurisdiction over juvenile-court actions, including paternity actions.See Gardner v. Buycks, 479 So.2d 59 (Ala.Civ.App. 1985).
[2] We note that throughout these proceedings the father has been incarcerated for intermittent periods of time. Rule 70A, Ala.R.Civ.P., which applies to juvenile-court judgments pursuant to Rule 1, Ala.R.Juv.P., specifically allows for an appeal to be taken from an adjudication of contempt regardless of whether the person is incarcerated. See Rule 70A(g), Ala.R.Civ.P.