894 So.2d 712 (2004)
Staci REEVES
v.
Robert C. REEVES.
2020986.
Court of Civil Appeals of Alabama.
June 25, 2004.
Claude D. Boone and Gregory M. Zarzaur of Claude D. Boone, P.C., Mobile, for appellant.
Grady R. Edmondson, Mobile, for appellee.
MURDOCK, Judge.
The parties were divorced by a judgment of the Mobile Circuit Court on February 20, 2001. Based on an agreement between the parties that was incorporated into the divorce judgment, Robert Reeves *713 ("the husband") was awarded custody of the parties' two minor children. The agreement also required Staci Reeves ("the wife") to pay $220 per month in child support, an amount less than the presumptively correct amount under the child-support guidelines set out as an appendix to Rule 32, Ala. R. Jud. Admin. Under the agreement, each parent could claim one of the children as a dependent for tax purposes.
Less than a year after the parties were divorced, the husband filed a petition to increase the wife's child-support obligation based on an alleged increase in the costs of raising the children. The husband also alleged that the wife was in contempt of the divorce judgment because, he said, she had not paid her half of the children's medical expenses and she was in arrears on her child-support payments. The husband also requested that he be permitted to claim both children as dependents on his tax returns. The wife filed her own motion for a contempt order, alleging that the husband had refused to allow her to take her half of the property allocated by the divorce agreement.
Following an ore tenus proceeding, the trial court increased the wife's child-support payments to $813.56 per month, based on the Rule 32 guidelines, and allowed the husband to claim both children as dependents for tax purposes. The trial court found the wife in contempt of its previous orders for failing to pay $533.76 in child support and medical expenses she owed the husband. The trial court also denied the wife's contempt motion.
The wife appeals the trial court's judgment only insofar as it increases her child-support obligation.
Rule 32(A), Ala. R. Jud. Admin., provides, in part:
"Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record indicating that the application of the guidelines would be unjust or inappropriate shall be sufficient to rebut the presumption if the finding is based upon:
"(i) A fair, written agreement between the parties establishing a different amount and stating the reasons therefor; or
"(ii) A determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable."
(Emphasis added.) Rule 32(A)(3)(b), Ala. R. Jud. Admin., establishes a rebuttable presumption that an existing child-support award should be modified when:
"the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines."
(Emphasis added.)
There is no question that the difference between the wife's child-support payment of $220 per month provided in the divorce judgment and the amount determined by application of the Rule 32 guideline ($813.56 per month) varies by more *714 than 10%. The wife argues, however, that because the original judgment was based on a rebuttal of the guidelines, and because the husband failed to show a "change in the circumstances that resulted in the rebuttal," the presumption under Rule 32(A)(3)(b) in favor of modification is not applicable. We agree.
In this case, the circumstance that resulted in the rebuttal of the child-support guidelines was the agreement reached by the parties. See Rule 32(A) i., Ala. R. Jud. Admin. Obviously, the fact that at the time of the divorce the parties had entered into that agreement has not changed. In the original divorce judgment, the trial court reviewed and approved the agreed-upon child-support payment, even though it was different than the presumptively correct amount under Rule 32:
"The [wife] shall pay directly to the [husband] as child support the sum of two hundred and twenty dollars per month. The amount of child support does not comply with Rule 32, [Ala. R. Jud. Admin.], but the parties agree that this amount is fair based on the incomes of the parties."
No appeal was taken from the divorce judgment by either party. The husband cannot collaterally attack the divorce judgment by arguing that the Rule 32 presumption was not adequately rebutted. See Duke v. Duke, 872 So.2d 153 (Ala.Civ.App.2003).
Although the presumption under Rule 32(A)(3)(b) in favor of modifying child support is not applicable, the general rule remains that a trial court may modify a child-support award "upon proof of a material change of circumstances that is substantial and continuing." E.g., Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997). See also Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App.1996) (explaining that the "material change in circumstances" standard applies even if the presumption in favor of modification under Rule 32(A)(3)(b) is not applicable). See generally Thomas v. Vanhorn, 876 So.2d 488, 491 (Ala.Civ.App.2003) ("Child-support judgments are never absolutely `final' in the strictest sense, because such judgments are always subject to modification in the future upon a showing of a material change in circumstances."). "Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child," State ex rel. Shellhouse v. Bentley, 666 So.2d 517, 518 (Ala.Civ.App.1995), as well as the parents' ability to pay, Williams, 689 So.2d 154, and Wylie v. Wylie, 794 So.2d 1174 (Ala.Civ.App.2001).
The parent seeking the modification bears the burden of proof. Romano, supra. Whether circumstances justifying a modification of support exist "is a matter within the trial court's discretion," and "[w]e will not disturb the trial court's decision on appeal unless there is a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong." Romano, 703 So.2d at 375.
The circumstances that existed at the time of the divorce judgment, and upon which the parties' agreement and the trial court's approval of that agreement were based, include the parties' incomes and the financial needs of the children. Further, the husband testified that he agreed to accept only $220 per month from the wife as child support in return for the wife's not contesting his request for custody. When the mother was asked why the parties agreed upon $220 per month as the amount of child support she would pay, she testified that that amount was one-half of the parties' monthly day-care expenses.
Obviously, the father continues to have primary physical custody of the children. *715 According to the husband's testimony, the increased costs he was incurring amounted to an additional $5 per week for day-care and an additional $2 per week for health insurance. The husband also asserted that he was incurring additional tutoring expenses for one child; however, he later admitted that that child had had a tutor before the divorce, so this was not actually an increased expense. Moreover, the husband had testified in a previous affidavit that the day-care and insurance costs were even higher at the time of the divorce than at the time of the hearing. Even assuming that the husband was actually incurring approximately an additional $30 per month in expenses, this would not constitute a material change in the needs, conditions, and circumstances of the children.
The husband points out that the wife's income had increased substantially between the time of the divorce judgment and the time of the hearing on the petition to modify. The husband presented the CS-43 form filed at the time of the divorce,[1] which showed the wife's income to be $2,400 per month, while her 2002 W-2 form showed her monthly income to be $3,439.08.
The wife presented her 2001 W-2 form, which showed that her income at the time of the divorce judgment had actually been $3,528.20 per month. The wife explained that the reason for the mistake on the CS-43 form was that she had simply signed the CS-43 form prepared by the husband's attorney in order to facilitate the divorce. The husband admitted that his attorney had prepared the paperwork for the divorce, and there was no allegation that the husband or his attorney had been unaware of the wife's actual income at the time the papers had been prepared.
There is no evidence in the record to support the judgment of the trial court insofar as it increased the wife's child-support obligation. We therefore reverse that portion of the trial court's judgment, and we remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, J., concurs specially, with writing.
CRAWLEY, Judge, concurring specially.
I concur on the authority of Ex parte Tabor, 840 So.2d 115 (Ala.2002).
NOTES
[1] Although Rule 32(E) mandates the filing of a standardized child-support guidelines form (a CS-42 form) and a standardized child-support obligation income statement/affidavit form (a CS-41 form), "[i]n conformance to [Rule 32(A)(2), Ala. R. Jud. Admin.], in stipulated cases the court may accept the filing of a Child Support Guidelines Notice of Compliance form," i.e., a CS-43 form. See Rule 32(E); and Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994).