MURDOCK, Judge.
David W. Plott (“the father”) appeals from a judgment retroactively modifying his child-support obligation. We reverse and remand.
In 1994, Vickie Ray Deason (“the mother”) initiated a paternity proceeding against the father, which resulted in a determination of paternity and an award of child support to the mother. In 2000, the Alabama Department of Human Resources (“DHR”) filed a petition on behalf of the mother seeking an increase in the father’s child-support obligation. In March 2000, after an evidentiary hearing in which the mother participated, the trial court entered a judgment increasing the father’s child-support obligation to $337.36 per month.
In November 2003, the mother filed the present petition for a rule nisi and for a modification of child support, alleging that the father had fraudulently misrepresented his income in the 1994 and 2000 actions and that there had been a material change in circumstances since the entry of the 2000 judgment. In March 2004, the parties reached an agreement to increase the father’s child-support obligation to $612.54 per month beginning on March 1, 2004.
In July 2004, the trial court held a hearing in which it received ore tenus evidence on the question of whether there should be a retroactive increase in child support as a result of fraud or a mistake as to the father’s income as represented to the courts in the 1994 and 2000 actions. In the July 2004 hearing, the trial court heard *725 testimony from the mother, the father, and the attorney who represented DHR in the 2000 action. The trial court entered a judgment increasing the father’s prospective child support to $612.54 per month pursuant to the parties’ agreement, and it retroactively increased the child support payable under the 2000 judgment by an aggregate amount of $6,693.74.[1] The father filed a postjudgment motion that was denied. The father appeals.
The trial court in the present action found that there had been no fraud by the father in connection with the 2000 action but that the calculation of child support in the 2000 action had been based on an incorrect income for the father. This resulted in the amount of child support ordered under the 2000 judgment being substantially less than the amount that should have been ordered based upon the application of the child-support guidelines of Rule 32, Ala. R. Jud. Admin., to the father’s correct income. There was evidence that, in the 2000 action, the attorney for DHR, in attempting to calculate the proper amount of child support due under the guidelines of Rule 32, mistakenly used a wage of $10 per hour for the father, when, in fact, the father’s actual income in 2000 was more than twice that amount.[2]
The sole issue in this appeal concerns the retroactive modification of the child support payable under the 2000 judgment. The trial court stated during the July 2004 hearing that the child support belongs to the child and that “nobody has the right to waive what is owed, by statute, to the child.” The trial court concluded that, because of the mistake as to the amount of the father’s wages, the amount of child support ordered in the 2000 judgment varied from the amount that should have been ordered based on the application of the guidelines of Rule 32 to the father’s correct income and that it would therefore be appropriate to retroactively modify the 2000 judgment to increase the child support payable by the father.
The father contends that the trial court erred in ordering a retroactive increase in his child-support obligation. He argues that the court’s retroactive modification of his child-support obligation violated the doctrines of res judicata and collateral estoppel and that the mother’s attack on the 2000 judgment was untimely. The mother did not favor us with a brief on appeal.
We agree with the father that the trial court’s attempted retroactive modification of the 2000 judgment is barred by the doctrine of res judicata. While our courts have repeatedly stated that a judgment providing for the payment of child support is always subject to modification, applicability of this principle turns on whether there has been a material change in circumstances. See McCraney v. McCraney, 897 So.2d 370, 373 (Ala.Civ.App.2004) (“ ‘This court has consistently held that a child-support order is always subject to modification based on a change of circumstances and a change in a parent’s ability to pay.’ ”) (quoting Wylie v. Wylie, 794 So.2d 1174, 1177 (Ala.Civ.App.2001); emphasis added); and Reeves v. Reeves, 894 So.2d 712, 714 (Ala.Civ.App.2004) (Although “the general rule remains that a trial court may modify a child-support award ‘upon proof of a material change of circumstances that is substan *726 tial and continuing,’ ” a custodial parent “cannot collaterally attack the divorce judgment by arguing that the Rule 32 presumption was not adequately rebutted.” (quoting Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997); emphasis added) ).[3]
Here the retroactive change in child support at issue has been requested by the mother based not upon a change in circumstances but instead upon a mistaken understanding by the trial court in the 2000 action as to the circumstances (namely, the amount of the father’s income) at the time that action was tried. No appeal was taken by either party from the 2000 judgment, and the mother cannot now collaterally attack that judgment by arguing that the amount of child support was erroneously calculated or that there was an improper deviation from the Rule 32 guidelines. See State ex rel. Head v. Head, 506 So.2d 1010, 1012 (Ala.Civ.App.1987) (the party adversely affected by a judgment must raise his or her issues by direct appeal and not through a collateral attack; failing to appeal, the parties are bound by the judgment); Travis-Johnson v. Johnson, 852 So.2d 782 (Ala.Civ.App.2002) (doctrine of res judicata barred reconsideration of a judgment ordering child support to begin on the date of the judgment rather than an earlier date); Duke v. Duke, 872 So.2d 153 (Ala.Civ.App.2003); and Reeves v. Reeves, 894 So.2d at 714.
Notwithstanding the bar created by the doctrine of res judicata, our law does provide a mechanism for collaterally attacking a judgment based on a mistake, newly discovered evidence, or fraud. Relief based on one of these grounds may be obtained under Rule 60(b)(l)-(3), Ala. R. Civ. P., by filing a motion within a reasonable time, but not more than four months after entry of the judgment. Rule 60(b) also provides for the filing of an “independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment ... to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.” See Perryman v. Harbin, 653 So.2d 939, 941 (Ala.1995). While the mother’s petition can be construed as having commenced an independent action to set aside the 2000 judgment, it was not filed within the time limitation of Rule 60(b).
We reverse the 2004 judgment to the extent that it retroactively increases the father’s child-support obligations and remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. The arrearage resulting from the retroactive increase was ordered to be paid at the rate of $111.56per month.

. The trial court in the present action found that the mistake had resulted from the attorney’s not verifying information contained in a pay stub of the father’s that had been furnished to the attorney.

. Further, modifications of child support based on changes in circumstances after the entry of the judgment are limited to installments that have not yet become due and payable. "The provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing of the petition for modification.” Rule 32(A)(3)(a), Ala. R. Jud. Admin. See Mackey v. Mackey, 799 So.2d 203 (Ala.Civ.App.2001); and Ex parte State ex rel. Lamon, 702 So.2d 449, 450-51 (Ala.1997) (child-support payments that become due prior to the filing of a petition to modify are immune from modification).