MOORE, Judge,
concurring in the result.
I concur in the result as to those parts of the main opinion reversing the judgment entered by the Madison Circuit Court (“the trial court”) to the extent it terminated the alimony obligation of Derek Anthony Santiago (“the father”) and failed to award Jenny Kim Santiago (“the mother”) attorney’s fees; further, I concur in the result insofar as the main opinion affirms the trial court’s judgment failing to award the mother a “sum certain” amount of retroactive child support. As to that part of the main opinion affirming that part of the trial court’s judgment modifying the father’s child-support obligation, I also concur in the result, but I do so for the reasons set out below.
The father and the mother were divorced by a judgment of entered by the trial court on June 29, 2010. That judgment incorporated a settlement agreement entered between the parties, pursuant to which the parties agreed that the parties would share joint legal and physical custody of their two minor children,[5] that the *1282 father would pay the mother $808 per month in child support for five years and $404 per month thereafter until December 1, 2018, and would cover the health expenses of the children, and that the father would pay the children’s reasonable college expenses. The settlement agreement expressly declared that the child-support provisions of the agreement were a deviation from Rule 32, Ala. R. Jud. Admin., because of the parties’ joint-custody arrangement. The father also agreed to pay $1,000 per month to the mother as periodic alimony for 60 months.
. On October 1, 2010, the father filed a petition to modify the child-support provisions of the divorce judgment on the ground that the mother, who had had no job and no income at the time the parties entered into the settlement agreement, had obtained gainful employment. The father contended that, due to a material change in the employment status of the mother, his child-support obligation should be decreased. On October 29, 2010, the mother filed an amended answer and a counterclaim requesting an increase in child support to comply with Rule 32. On March 9, 2011, the father amended his petition to request that his child-support obligation be recalculated based on the parties’ current incomes. The father also requested a modification of the terms of the divorce judgment to make both parties equally responsible for the health expenses and college expenses of the children. Additionally, the father asked that his obligation to pay periodic alimony be eliminated altogether. The mother responded by amending her counterclaim to seek an increase in periodic alimony.
After a trial, the trial court modified the child-support provisions of the divorce judgment by awarding the mother $1,496.70 per month, retroactive to the date of the filing of the father’s petition in accordance with Rule 32. The trial court also terminated the periodic alimony payable to the mother. Both the father and the mother moved the trial court to alter, amend, vacate, or clarify its judgment, which motions the trial court denied. The father appealed, and the mother cross-appealed.
In his appeal, the father argues that the trial court erred in increasing his child-support obligation. The main opinion does not address that contention on the ground that the trial court granted the father’s petition. 122 So.3d at 1272-74. Although a party cannot appeal when no adverse ruling is made against him or her, Holloway v. Robertson, 500 So.2d 1056, 1059 (Ala.1986), a party aggrieved or prejudiced by a judgment can appeal. Robino v. Kilgore, 838 So.2d 366, 369 (Ala.2002).
“Black’s Law Dictionary 65 (6th ed. 1990) defines ‘aggrieved party’ as follows:
“ ‘One whose legal right is invaded by an act complained of, or whose pecuniary interest is directly and adversely affected by a decree or judgment.... The word “aggrieved” refers to a substantial grievance, a denial of some personal, pecuniary or property right,- or the imposition upon a party of a burden or obligation.’ ”[6]
Birmingham Racing Comm’n v. Alabama Thoroughbred Ass’n, 775 So.2d 207, 210 (Ala.Civ.App.1999) (construing meaning of *1283 “aggrieved person” under § 22-22A-7, Ala.Code 1975).
Before the trial court entered the modification judgment in this case, the father was required to pay the mother, based on the parties’ settlement agreement, monthly child support in the amount of $808 per month through June 2015, with that amount decreasing to $404 per month at that point and terminating altogether in December 2018. Pursuant to the modification judgment, the father’s monthly child-support obligation is now $1,496.70. Thus, the modification judgment resulted in an immediate increase of $688.70 per month in the father’s child-support obligation. The judgment invaded the legal rights of the father that had been established by the settlement agreement and incorporated into the divorce judgment and adversely affected the pecuniary interests of the father by imposing upon him an additional financial obligation. Consequently, the father has a right to appeal the judgment as an aggrieved party.
Moreover, although the trial court specifically stated in its modification judgment that it was granting the father’s. child-support-modification petition, it is clear that, in substance, the trial court granted the mother’s motion to increase the father’s child-support obligation by applying Rule 32. The father specifically requested a downward modification in his child-support obligation to account for a change in the employment status of the mother with the corresponding increase in her income. On the other hand, the mother asked the trial court to modify the child-support provisions of the divorce judgment by applying the Rule 32 child-support guidelines because the amount of child support to which she agreed was not sufficient for her to meet the needs of the children while in her care. The trial court modified child support solely by applying Rule 32 in order to increase the amount payable to the mother. A judgment should be construed according to its effect and substance and not merely according to its form. DuBoise v. DuBoise, 275 Ala. 220, 228, 153 So.2d 778, 785 (1963). In substance and effect, the trial court did not grant the modification petition of the father.
Nevertheless, the trial court did not err by modifying the child-support provisions of the divorce judgment. In incorporating the parties’ settlement agreement into the divorce judgment, the trial court found that the child-support guidelines established in Rule 32 should not apply because the parties would be sharing joint custody of the children, thereby rebutting the presumption that the amount established by the guidelines would be the correct amount of child support to be awarded. See Rule 32(A)© & Rule 32(A)(1)(a).
“There shall be a-rebuttable presumption that child support should be modified when the difference between the existing child-support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child-support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.”
Rule 32(A)(3)(c) .(emphasis added).
Because the trial court deviated from the Rule 32 child-support guidelines in fashioning its original award in accordance with the parties’ settlement agreement, and because the parties continued to exercise the same joint-custody arrangement as existed at the time of the entry of the original divorce judgment,[7] the mother was not entitled to a rebuttable presumption *1284 that child support should be modified as set out in Rule 32(A)(3)(c). However,
“even when there is no rebuttable presumption that a party’s child-support obligation should be modified, we have held that
“ ‘a trial court may [still] modify a child-support award “upon proof of a material change of circumstances that is substantial and continuing.” E.g., Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997). See also Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App.1996) (explaining that the “material change in circumstances” standard applies even if the presumption in favor of modification under [former] Rule 32(A)(3)(b)[, Ala. R. Jud. Admin., now Rule 32(A)(3)(c), Ala. R. Jud. Admin.,] is not applicable). See generally Thomas v. Vanhorn, 876 So.2d 488, 491 (Ala.Civ.App.2003) (“Child-support judgments are never absolutely ‘final’ in the strictest sense, because such judgments are always subject to modification in the future upon a showing of a material change in circumstances.”).’
“Reeves v. Reeves, 894 So.2d 712, 714 (Ala.Civ.App.2004).”
Jones v. Jones, 101 So.3d 798, 803 (Ala.Civ.App.2012).
The mother discharged her burden of proof by presenting an exhibit showing the current financial needs of the children and testifying that, “[e]very month, every year it’s costing more money. Everything went up, and I have to spend more money on the kids.” This court has repeatedly held that an increase in the age of children, along with a correlative increase in their financial needs, when coupled with an increase in the cost of living due to inflation, constitutes a material change of circumstances warranting an increase in child support. See, e.g., Campbell v. Tolbert, 656 So.2d 828, 829-30 (Ala.Civ.App.1994). Although the evidence is very scant as to the precise amount of the increase in the children’s financial needs from the time of the entry of the original divorce judgment to the time of the modification hearing, which was a relatively short period, the trial court had sufficient evidence before it to justify an increase in child support, and we cannot reverse its judgment based on our very limited standard of review. See Bray v. Bray, 979 So.2d 798 (Ala.Civ.App.2007).
The mother’s proving a material change of circumstances did not automatically justify the trial court’s increasing the amount of child support to comply with the Rule 32 guidelines. The trial court still should have considered the parties’ joint-custody arrangement and the evidence indicating that the father had been satisfying most of the financial needs of the children through the previous arrangement. Nevertheless, the father does not specifically argue that the evidence fails to support the amount of the increase. Therefore, I concur that the trial court did not err in establishing child support at a rate of $1,496.70 per month.[8]

. Two children were born of the parties’ marriage, one on April 4, 1994, and one on December 3, 1996. The children were 16 years old and 14 years old, respectively, on the date of the divorce. The child-support provisions of the settlement agreement called for the father to make payments past the age of majority for both children. The father testified *1282 that he had agreed to pay postminority child support because he was ignorant of the law and because the divorce was uncontested.

. Black's Law Dictionary 77 (9th ed.2009) defines "aggrieved” as "having legal rights that are adversely affected; having been harmed by an infringement of legal rights.”

. The father testified that the parties sometimes vary that schedule when he travels.

. The trial court did not specify when the father’s child-support obligation would terminate, but it appears that, by modifying the previous child-support provisions to comply with Rule 32, the trial court intended that the father could petition to modify his child-support obligation as each child reaches the age of majority. However, that modification would not impact the father’s voluntary obligation to pay college expenses for the children.