L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in November 1990. The judgment of divorce, incorporating an agreement of the parties, provided, among other things, that the parties would exercise joint custody of the two minor children and that neither party would be responsible for paying child support.
In February 1991 the mother filed a petition for rule nisi. The petition requested that the father be sanctioned for his failure to abide by certain portions of the decree, including the custody and visitation of the minor children, the division of personal property and the payments of debts.
Following a hearing, the trial court denied the mother’s petition for rule nisi, awarded primary physical custody of the minor children to the father, and ordered the mother to pay $499.85 per month in child support. The mother appeals from that judgment.
The mother insists that the trial court abused its discretion in modifying the custody and child support provisions of the 1990 decree because no such request was made in her petition for rule nisi.
Alabama Rules of Civil Procedure Rules 15(b) and 54(c) allow the trial court to enter a judgment not based on the pleadings if testimony is entered without objection and the proof supports the judgment. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App.1985).
In the present case there was ample proof offered to support the trial court’s modification of custody and child support.
The record reflects that shortly after the divorce the mother married a man who had previously been convicted of carnal knowledge of a child, grand larceny, escape, and possession of a pistol after conviction of a crime of violence. Since that marriage, the mother has filed harassment charges against her husband and has on two occasions stayed at a facility for battered and abused women.
The mother is employed at Redstone Arsenal and earns $28,000 per year. She works on the midnight to 8:00 a.m. shift. On several occasions the children have been left alone with the mother’s husband while the mother was at work.
The parties’ 14-year-old daughter testified that she did not like to visit her mother in the presence of her husband. She stated that she had seen the husband attempt to hit her mother and that she had ridden in *1000 an automobile with him when he had been drinking.
Due to circumstances, the father has had primary custody of the children since the divorce. There was no evidence presented questioning the father’s ability to care for his children. He is employed by Carriage Motor Company and earns approximately $15,000 per year.
Where there is no prior order granting exclusive physical custody to one parent, the “best interests and welfare of the children” standard applies. Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App.1990). Applying this standard to the facts of this case we cannot say that the trial court abused its discretion in awarding custody to the father.
The circuit court’s change of custody warranted a modification of the 1990 child support order. In its order the trial court noted that it had calculated the child support in accordance with Rule 32, Alabama Rules Judicial Administration. It had before it the Child Support Income Statement/Affidavits filed by both parties and it heard testimony concerning the parties’ finances. The trial court’s determination to apply the guidelines and its application of the same was proper. An award of child support resulting from the application of the guidelines is presumed correct. Rule 32(A), A.R.J.A.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.