Linda Wilson Hall and Frederick Wilson were divorced in 1979. By agreement of the parties, custody of the parties' two minor children was awarded to the mother, and the father agreed to pay $400 per month child support. In 1984 the decree was modified to increase child support to $300 per month per child.
In February 1992 the mother filed a petition for modification, seeking an increase in child support, and the father cross-petitioned for certain relief. The parties' older child, a daughter, had already reached majority, and the younger child, a son, reached majority in October 1992.
Following an ore tenus proceeding on August 21, 1992, the trial court, inter alia, increased child support pursuant to the child support guidelines. Both parties appeal.
The father contends that the trial court erred in applying the child support guidelines and increasing his child support obligation. The mother contends that the increased child support payments should have been made retroactive to the date of the filing of her motion.
Where evidence is presented ore tenus, particularly in matters concerning child support, the trial court's judgment is presumed correct and will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Berry v. Berry,579 So.2d 654 (Ala.Civ.App. 1991).
The father is a retired military officer, who now works as a consultant for an environmental research corporation. The mother has remarried a doctor, and her primary job is in the home, although she has *Page 729 
opened an art gallery. As previously noted, both children have reached the age of majority. After a review of the record, we cannot hold that the trial court's determination regarding child support was plainly and palpably wrong.
The father also contends that the trial court improperly ordered him to temporarily withhold disbursement of a $50,000 gift to the son. In view of the facts in this case, we do not hold this to be reversible error. Rule 45, A.R.App.P.
Both parties have requested attorney's fees on appeal. Both requests are denied. The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.