The parties were divorced in 1988. The mother was awarded custody of the parties' three minor sons. The father was ordered to pay $775 per month in child support.
In January 1991 the mother filed a petition to modify, seeking an increase in child support. The parties agreed to deviate from the child support guidelines. Rule 32, A.R. Jud. Admin. The father agreed to pay $1,150 per month in child support. This amount was less than that suggested by the guidelines. The trial court accepted the parties' agreement.
In February 1993 the mother filed another petition to modify, seeking an increase in child support. Following oral proceedings, the trial court ordered the father to pay $2,168 per month in child support. The father appeals.
The father asserts that the trial court erred in increasing the award of child support. He insists that the increased support payments exceed the needs of the children and exceed his ability to pay.
A prior child support award may be modified only on proof of changed circumstances, and the burden of proof rests on the party seeking the modification. Kellum v. Jones, 591 So.2d 891
(Ala.Civ.App. 1991). The standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs. Moore v.Moore, 575 So.2d 95 (Ala.Civ.App. 1990). The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed upon appeal unless there is a clear abuse of discretion. Kellum.
Once a change in circumstances is proven, Rule 32(A), A.R.Jud.Admin., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Moore. If the parties' combined projected gross monthly incomes surpass the uppermost level of the guidelines, the amount of child support to be awarded lies within the discretion of the trial court. Rule 32(C)(1), A.R.Jud.Admin.;St. John v. St. John, 628 So.2d 883 (Ala.Civ.App. 1993). Such discretion, however, is not unbridled. It must relate to the reasonable and necessary needs of the children. St. John.
The record reflects that the parties have nine-year-old twin sons and an eight-year-old son. The mother testified that her gross monthly income has increased since the last modification from $1,636 to $1,850. She testified, however, that the cost of supporting the boys has also increased since 1991.
All three boys are now in school and are involved in various athletic and extracurricular activities. They have expressed an interest in participating in additional activities, but the mother is unable to finance those opportunities. She testified that the cost of groceries has increased due the boys' growing appetites and the increased cost of food. She stated that the cost of utilities and clothes has also increased. She estimated that in order to meet the current needs of the children, she would need $2,071 per month in child support.
The father is employed as a nurse anesthetist. His current gross monthly income *Page 607 
is $8,745. He testified that he has had a decrease in his earnings since 1991. There is a conflict in the evidence concerning the father's gross monthly income in 1991. We find that conflict to be of no relevance because it is evident that the father has the financial "ability" to meet the increased needs of his children. The fact that the father is now supporting a new wife and her two children does not relieve him of his obligation to his children. Prestwood v. Prestwood,344 So.2d 509 (Ala.Civ.App. 1977).
Our review of the record supports the trial court's determination to increase the father's child support obligation. We find the father's substantial income and the increased needs of the children sufficient to constitute a material change in circumstances and to support a modification.Kellum. Furthermore, we find no abuse of discretion in the amount of the increase. The parties' combined gross monthly incomes surpassed the upper level of the guidelines. The discretionary increase by the trial court correlates with the reasonable and necessary needs of the children. St. John.
The judgment of the trial court is affirmed.
The mother's request for attorney's fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.