L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1989. Pursuant to an oral agreement reached in open court, the mother was awarded, among other things, custody of the parties’ 11-year-old son, $400 per month child support, $350 per month periodic alimony, and the marital home. The trial court ordered the mother to maintain medical and dental insurance on the minor son and to pay any medical and dental expenses not covered by insurance. The father was awarded, among other things, certain visitation privileges and 400 shares of stock in the bank of which he was president. The father also agreed to “provide within his means the reasonable and necessary expenses for a college education for [the minor son] for a four-year institution of higher learning, to be agreed upon by the parties.”
Five years later, in 1994, the parties filed a joint petition for modification, requesting the trial court to change custody of the parties’ son, who was then 16 years old, and to terminate the father’s child support obligation. The father agreed to assume full responsibility for the child and not to seek child support from the mother. The trial court again accepted the agreement of the parties and modified the original decree accordingly. The trial court also found that the parties’ written agreement established a child support amount that deviated from the requirements of Rule 32, Ala.R.Jud.Admin., as to child support and that application of the guidelines would be manifestly unjust or inequitable.
A few months after the parties entered into the written agreement, the mother filed for a writ of garnishment against the father’s bank for unpaid alimony. That action caused the parties’ amicable relationship to cease. The father promptly filed for a modification, seeking child support, termination of alimony to the mother, and post-minority educational support for the son. The mother sought an increase in alimony.
After a hearing the trial court entered a judgment, increasing the father’s alimony obligation to $450 per month, but ordering the mother to pay $440.50 per month in child support. The trial court also ordered the mother to pay to the son, after he becomes 19, $200 per month as spending money and general expenses and to pay 40% of his college tuition; 40% of his medical, dental, optical, and drug expenses; and 40% of his books, room, and board at Snead State Community College.
The mother appeals, raising two issues: (1) whether the trial court erred in ordering her to pay child support and (2) whether the trial court erred in ordering her to pay post-minority educational support and a post-minority monthly allowance to the son.
The mother’s first issue is particularly interesting in light of the fact that the father *1273 agreed not to seek child support, that the trial court found that Rule 32 was not applicable, that the father’s income and assets have increased considerably since the 1994 judgment, and that the needs of the child have not materially changed.
However, we recognize that the mother may be equally liable for child support, along with the father, and that this is an obligation which may not be waived by her or the father. Ex parte University of South Alabama, 541 So.2d 535 (Ala.1989); State ex rel. Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App.1995). The amount of a child support award depends upon the needs of the child and the ability of the parent to meet those needs. Coleman v. Coleman, 648 So.2d 605 (Ala.Civ.App.1994). The combined gross income of the parties in this case approaches $100,000 per year. The guidelines of Rule 32 permit the trial judge to set an amount of child support outside the limits of the rule. Rule 32(C)(1); Coleman, supra. The amount charged to the mother in this case is within the discretion of the trial court upon a showing of the son’s needs. We do not find an abuse of discretion in the award of child support.
In order for a trial court to grant post-minority educational support for a child of divorced parents, the court “shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.” Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989) (emphasis in original). In Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990), this court held that a parent has a legal duty to provide, or to aid in providing, a college education if the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself or herself.
In 1989 the father agreed in open court to pay for the minor son’s post-minority education at a four-year institution; that agreement was approved and ratified in the divorce judgment. Both parties testified that they want the minor son to attend college and that the son makes good grades. The father presented evidence of the quarterly cost of tuition, books, fees, room, and board at Snead State Community College. However, the record is devoid of any evidence that the son has applied to, or has been accepted at, any post-secondary institution.
The mother contends that requiring her to pay post-minority educational support will cause her undue hardship. In examining the record, we find that a question is presented whether requiring the mother to pay for post-minority educational support would cause her undue hardship, considering the financial disparity of the parties, the mother’s medical expenses resulting from a chronic back condition, and the mother’s anticipated expenses for repairs to her home. Therefore, we conclude that the trial court erred in requiring the mother to pay post-minority educational support without determining whether that requirement would cause the mother undue hardship.
Additionally, the mother argues that the trial court erred in ordering her to pay the son, after he becomes 19, $200 per month for spending money and general expenses. In Bayliss v. Bayliss, 575 So.2d 1117 (Ala.Civ.App.1990), this court affirmed the trial court’s judgment ordering the father to pay the son’s room, board, books, tuition, and necessary fees. Each of those expenses was directly related to the child’s college education. In this case the record is devoid of any evidence regarding the amount of monthly expenses that the son will incur while he attends college. It is unclear how the trial court arrived at the $200 monthly figure for spending money and general expenses. After carefully reviewing the record, we conclude that the $200 per month awarded to the son was not directly related to his college education. Consequently, the trial court erred in ordering the mother to pay the son, after he becomes 19, $200 per month for spending money and general expenses.
Based updn the foregoing, we affirm that portion of the judgment which requires the *1274 mother to pay child support, and we reverse those portions of the judgment which require the mother to pay post-minority educational support and $200 per month for spending money and general expenses to the son, after he becomes 19. The case is remanded to the trial court to determine whether requiring the mother to pay post-minority educational support would cause her undue hardship and to determine whether the father’s agreement to pay, and the divorce judgment provision ordering the father to pay, post-minority educational support remains effective.
Both parties’ requests for an attorney fee on appeal are denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the judges concur.