This case involves a petition for a modification of child support.
Mark Edward Summerford and Manueletta Michelle Summerford were divorced by the Morgan Circuit Court on March 20, 1986. The divorce judgment was modified on November 26, 1986, when the court ordered the husband to pay the wife $150 per month as support for their minor child. Another modification was ordered on January 23, 1990, increasing the child support to $325 per month, but that modification was held in abeyance by agreement of the parties as a result of a Rule 60(b), Ala. R. Civ. P., motion filed by the husband. The trial court granted the Rule 60(b) relief on November 5, 1990, and entered an order setting the child support at $210 per month. On September 23, 1996, the wife filed the instant petition to modify child support. Following an ore tenus proceeding, the trial court entered an order on April 8, 1997, reducing the child support to $201.84 per month. The wife appeals, following the trial court's denial of her motion to alter or amend the judgment, or, in the alternative, to order a new trial.
Modification of child support is a matter within the trial court's discretion and the trial court's ruling on that matter will not be disturbed on appeal unless there is an abuse of discretion. Bass v. Bass, 475 So.2d 1196, 1198 (Ala.Civ.App. 1985). Where evidence is presented ore tenus, the trial court's judgment based on that evidence is presumed correct, particularly in matters concerning child support, and it will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Wilson v. Hall, 628 So.2d 728 (Ala.Civ.App. 1993).
The wife claims that the trial court erred in calculating the husband's gross income as prescribed under Rule 32, Ala. R. Jud. Admin. She argues that the income of the husband's closely held corporation should have been included in the husband's gross income.
Rule 32(B), Ala. R. Jud. Admin., provides definitions of income to be included in calculating gross income:
"(3) Self-employment income.
 "(a) For income from self-employment, rent, royalties, proprietorship of business, or joint ownership of a partnership or closely held corporation, 'gross income' means gross receipts minus ordinary and *Page 1258 
necessary expenses required to produce such income, as allowed by the Internal Revenue Service, with the exceptions noted in section (B)(3)(b)."
The husband testified that he was, and had been, the sole stockholder of Dixie Marketing and Playground Equipment, Inc. ("Dixie Marketing"), since approximately 1992 or 1993. He admitted to a salary from Dixie Marketing of $26,000 per year for the years 1993, 1994, and 1995. He also admitted that Dixie Marketing had taxable income of $32,229 for the 1995 tax year. Dixie Marketing reported taxable income of $14,507 in 1994 and $44,843 in 1993. The husband testified: "If there is any net profit, it stays in the business, more or less. I mean, if there's anything extra, I have borrowed money from the business. . . . For the past three years I have borrowed about $10,000 a year from the business."
For the purposes of the child support guidelines established by Rule 32, self-employment income is includable as "gross income." Rule 32(B), Ala. R. Jud. Admin., and Klapal v. Brannon610 So.2d 1167, 1170 (Ala.Civ.App. 1992). For selfemployment income, " 'gross income' means gross receipts minus ordinary and necessary expenses required to produce such income." Rule 32(B)(3)(a), Ala. R. Jud. Admin. This court has held that in cases involving closely held corporations the trial court, when determining a parent's ability to support his or her children, should consider the business's net income, some of which is reinvested in the business, rather than the "owners draw."Hubbard Hall v. Hubbard, 697 So.2d 486, 488 (Ala.Civ.App. 1997).
Actions concerning child support are guided by mandatory application of Rule 32, Ala. R. Jud. Admin. Doyle v. Doyle,579 So.2d 651, 653 (Ala.Civ.App. 1991). While the trial court indicated in its order of April 8, 1997, that a strict application of the Rule 32 child support guidelines would not be fair, it later stated in its order of May 16, 1997, that "it calculated the modified amount of child support in accordance with Rule 32" and that "it did not deviate from Rule 32." The trial court attached to its order the Form CS-42 it had completed in calculating the husband's modified amount of child support.[1] This form reflects that the trial court arrived at a monthly gross income for the husband of $2,308 — which equates to an annual gross income of $27,696.
The husband reported wages of $26,000 on his 1995 federal income tax return. He also reported a loss of $2,067 on rental property and a farming loss of $4,051. The husband reported no other income or losses on his federal income tax return for 1995.
The evidence establishes that Dixie Marketing had taxable income of $32,229 for 1995 and that the husband borrowed $10,000 from Dixie Marketing in 1995. The trial court acknowledged that in arriving at the husband's gross income, it considered the husband's "annual salary" and his "ordinary and necessary business expenses." The trial court made no specific reference to the taxable income of Dixie Marketing. Because the trial court calculated gross income of only $27,696, it could not have considered the taxable income of Dixie Marketing in arriving at the husband's gross income.
We hold that the trial court erred in failing to consider the net income of the husband's business in computing the husband's gross income for purposes of determining child support. On remand, the trial court shall consider the husband's business income in order to compute a child support award in accordance with Rule 32, Ala. R. Jud. Admin.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] This court notes a $1.00 mathematical error in the trial court's calculation of the child support. *Page 1259