During their marriage, Chris A. Boatfield ("the father") and Amy Boatfield Clough ("the mother") had two children. A judgment of the Etowah Circuit Court divorcing the father and the mother, entered in January 2000, incorporated a separation agreement that, among other *Page 356 
things, awarded the father two nights per week and alternate weekends with the children, i.e., a total of six days out of every two weeks, and directed the father to pay the mother child support in the amount of $459.10 per month. The child-support award incident to the divorce judgment, which mirrored a similar stipulation in the parties' separation agreement, conformed to the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines, and Forms CS-41, CS-42, CS-43, and CS-47 appear in the record with respect to that award.
In July 2003, the father filed a petition averring that a change in circumstances warranting a decrease in his child-support payments had occurred and requesting the trial court to enter a judgment decreasing his child-support obligation "to an amount consistent with the Child Support Guidelines" and awarding him any other relief to which he was entitled. The mother, in her answer, agreed that a material change in circumstances had occurred since the divorce judgment had been entered, and she filed a counterclaim seeking an increase in child support.
The parties stipulated in the trial court to their respective incomes. However, because the father claimed that he was, for the first time, exercising the custodial privileges as to the children afforded to him under the divorce judgment, the father requested that the trial court employ what the father's attorney called a "joint-custody calculation," under which the mother would not be treated as the custodial parent entitled to receive the father's adjusted child-support obligation amount. Rather, under the father's requested calculation, the mother would pay $49.01 per month to the father. The mother, in contrast, contended that the stipulated increase in the father's income warranted an increase from the previous child-support award. The trial court declined to utilize the father's proposed "joint-custody calculation"; instead, treating the mother as the primary custodial parent (as she had been treated in the parties' separation agreement and in the divorce judgment), the trial court awarded the mother child support in the amount of $610.99 per month based upon the application of the Child Support Guidelines.
The father appeals. His principal contention is that where parents are awarded joint custody and exercise roughly equal custodial periods, the application of the Child Support Guidelines is manifestly unjust and inequitable and, therefore, a deviation from the Child Support Guidelines is required. However, the father's contention is refuted by the text of Rule 32 itself. Although Rule 32 acknowledges that, among other reasons, "[s]hared physical custody or visitation rights providing for periods of physical custody or care of children by the obligor parent substantially in excess of those customarily approved or ordered by the court" may constitute a "[r]eason for deviating from the guidelines," the rule further notes that "[t]he existence of one or more of the reasons enumerated in this section does not require the court to deviate from theguidelines." Rule 32(A)(1), Ala. R. Jud. Admin. (emphasis added). "An award of child support resulting from the application of the guidelines is presumed correct," Rogers v. Rogers,598 So.2d 998, 1000 (Ala.Civ.App. 1992), and the judgment under review in this case fully comports with the text of Rule 32 and the Child Support Guidelines.
Even if the text of Rule 32 were not directly contrary to the father's position, however, we would be compelled to conclude that the trial court's judgment does not constitute an abuse of its discretion in fixing the father's child-support obligation. In the parties' original divorce *Page 357 
judgment, the father was awarded 6 days with the children out of every 14 days, yet the father did not contest at that time his classification as a "noncustodial" parent with respect to his child-support obligation (which was determined in the divorce judgment, as it was in the judgment under review, by reference to the Guidelines); further, he did not appeal as to any aspect of that divorce judgment. He is thus barred from collaterally attacking his status as a noncustodial parent under the parties' current custodial arrangement.[1] E.g., Moorer v. Moorer,487 So.2d 947, 948 (Ala.Civ.App. 1986) (affirming denial of petition for modification of divorce judgment where petitioner alleged that periodic-alimony award in original divorce judgment was actually child support and where petitioner did not appeal from original divorce judgment, stating that "[t]he husband cannot circumvent the rules by appealing from a denial of a petition to modify the divorce decree by raising issues that should have been raised at a much earlier time").
The father correctly notes that Rule 32(B)(9), Ala. R. Jud. Admin., provides for a special method of determining child-support obligations when "each parent has primary physical custody of one or more children." In such "split custody" situations, unless the trial court elects to deviate from the Guidelines, the trial court (1) determines what each party's respective child-support obligation to the other party would be if the children in each party's primary care were the parties' only children, and (2) determines the difference between the two hypothetical obligations, and requires the party who would have the greater obligation to pay that difference to the other party.
While the father contends that the same method should be applied with respect to joint custodians' separate periods of custody, our Supreme Court has not seen fit to direct the use of that method in joint-custody situations; instead, the Guidelines "do not specifically address the problem of establishing a support order in joint legal custody situations," although such custodial arrangements, as we have noted, "may be considered by the court as a reason for deviating from the guidelines," especially "if physical custody is jointly shared by the parents." Comment, Rule 32, Ala. R. Jud. Admin.[2] The trial court, in ruling upon the parties' requests to modify the child-support provisions of its previous divorce judgment providing for joint custody, was not authorized, much less required, to extrapolate a child-support obligation from the split-custody portion of Rule 32 as the father desired.
Based upon the foregoing facts and authorities, the trial court's judgment is due to be affirmed.
AFFIRMED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] Of course, the father may later elect to petition for a modification of the parties' custodial rights and, if successful, become the children's primary custodian.
[2] The father's contention that Rule 32, Ala. R. Jud. Admin., is unconstitutional in that it provides for different child-support calculations in split-custody situations than in joint-custody situations was not asserted in the trial court; consequently, we decline to address it here. See Olympia Spa v.Johnson, 547 So.2d 80, 86 (Ala. 1989) ("It is settled that constitutional issues must be raised before the trial court in order to be preserved for review upon appeal."). *Page 358