Jeremy Dewayne Allen ("the father") appeals from a judgment entered by the Calhoun Circuit Court modifying his child-support obligation. We affirm.
In 2001, the father and Tasha Simpson Allen ("the mother") petitioned the trial court for a divorce. In connection with that divorce petition, the parties submitted to the trial court a separation agreement entered into by the parties, and CS-41 income affidavits, a CS-42 form, and a CS-43 form, as required by Rule 32, Ala. R. Jud. Admin.
On September 13, 2001, the trial court entered a judgment divorcing the father and the mother. The divorce judgment adopted the parties' separation agreement, which included, among other things, provisions for the custody and support of the parties' two minor children. The separation agreement indicated that the mother would have primary physical custody of the children but that the father would have significant "secondary" physical custody as well. Specifically, the agreement provided that the father would have physical custody of the children every other week from Thursday after school through Monday morning at 8:00 a.m. On other weeks, the father would have physical custody of the children on Wednesday after school until the next morning. The father also would have physical custody of the children during the week of fall break, and the parents would split physical custody of the children equally during all other holidays.
The parties calculated the father's child-support obligation pursuant to the "split custody" provisions of Rule 32 of the Alabama Rules of Judicial Administration, although the rule allows the use of this method only "[i]n those situations where each parent has primary physical custody of one or more children." Rule 32(B)(9). This calculation yielded a child-support obligation of $193 per month, but the father agreed to pay $250 per month. The parties explained that they had deviated from the child-support guidelines only in increasing the obligation of the father from $193 to $250 per month, which the parties characterized as an agreement by the father to pay more than the guidelines required. *Page 931 
With regard to child support, the divorce judgment provided as follows:
 "That the parties have entered into a fair written agreement establishing the award of Child Support herein and have filed a Notice of Compliance in accordance with Rule 32(A)(1), [Ala. R. Jud. Admin.] The reasons stated in the Notice of Compliance in rebuttal of the presumption in favor of the Guideline determination are adopted herein as findings of the Court."
On September 8, 2005, the mother filed a petition to modify the father's child-support obligation. The trial court held a hearing on the petition in which it received ore tenus evidence. The parties both testified that they had followed the physical-custody arrangement set out in the separation agreement as closely as possible and that, as a result, the father had physical custody of the children approximately 42% of the time and the mother had custody approximately 58% of the time. Although there had been no change in the physical-custody arrangement since the divorce, the mother testified that the children's financial needs and the parties' incomes had increased. The parties again submitted CS-41 income affidavits; those affidavits revealed that, since the divorce, the mother's monthly income had increased from an imputed amount of $1,794 to $2,629.92 and the father's monthly income had increased from $3,132 to $4,047.
On February 28, 2006, the trial court entered a judgment stating:
 "1. That a material change in circumstances has occurred and that the previous Orders of this Court are due to be modified.
 "2. That based on the testimony, the calculation of Child Support in the Form CS-42 presented with the divorce Agreement was based on joint placement and was inaccurate. That the Form CS-43 indicating that the [father] was paying in excess of the Guidelines was in error, since there was no true joint placement. The [father] was therefore paying less than the Guidelines would require.
 "3. That the calculation of Child Support pursuant to Rule 32, [Ala. R. Jud. Admin.,] results in a change in the amount of Child Support greater than 10%. Therefore, Child Support should be modified to comply with the Child Support Guidelines."
Accordingly, the trial court ordered the father to pay $697 per month in child support, the amount calculated pursuant to the basic child-support guidelines.
The father appeals, arguing that the trial court exceeded its discretion "by changing the method of calculating child support from a joint/split basis to a sole custody with visitation basis without any request for modification of child custody or a substantial change in circumstances except the parties' increased income and alleged increase in [the] children's needs." He asserts that the petition for modification amounts to "an impermissible collateral attack upon the original divorce judgment" because it "requested the trial court to reconsider whether the parties, in the original divorce proceedings, had adequately rebutted the Rule 32 presumption in favor of the guideline amount." Alternatively, he argues that the trial court exceeded its discretion in finding "that the parties do not have a true joint custody arrangement due to the time in which the children spend with each parent not being equal."
 Standard of Review "`Modification of child support is a matter within the trial court's discretion and the trial court's ruling on that matter will not be disturbed on appeal unless there is an abuse of discretion. *Page 932 Bass v. Bass, 475 So.2d 1196, 1198
(Ala.Civ.App. 1985). Where evidence is presented ore tenus, the trial court's judgment based on that evidence is presumed correct, particularly in matters concerning child support, and it will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Wilson v. Hall, 628 So.2d 728 (Ala.Civ.App. 1993).'"
Schiesz v. Schiesz, 941 So.2d 279, 288
(Ala.Civ.App. 2006) (quoting Puckett v. Summerford,706 So.2d 1257, 1257 (Ala.Civ.App. 1997)).
 Discussion
"[T]he award of child support is not res judicata and may be modified in the future due to changed circumstances."Conradi v. Conradi, 567 So.2d 364, 365
(Ala.Civ.App. 1990).
 "A prior child support award may be modified only on proof of changed circumstances, and the burden of proof rests on the party seeking the modification. Kellum v. Jones, 591 So.2d 891
(Ala.Civ.App. 1991). The standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs. Moore v. Moore, 575 So.2d 95
(Ala.Civ.App. 1990). The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed upon appeal unless there is a clear abuse of discretion. Kellum."
Coleman v. Coleman, 648 So.2d 605, 606
(Ala.Civ.App. 1994).
In this case, the mother did not request that the trial court set aside its earlier child-support order and award retroactive child support based on any alleged error in the original computation of child support. The mother did not allege or attempt to prove a change in the physical-custody arrangement as a basis for increasing the father's child-support obligation. She simply asked the trial court to modify the child-support order to account for a change in circumstances due to the increased financial needs of the children and an increased ability of the father to meet those financial needs.
Moreover, the trial court did not express in any way that it was basing its decision to increase the father's child-support obligation on a change in the physical-custody arrangement. In its order, the trial court did mention that the parties had incorrectly calculated child support in 2001; however, the trial court did not purport to correct that error. Instead, the trial court modified the child-support award only prospectively, clearly indicating that it was not reconsidering the original judgment.
"Once a change in circumstances is proven, Rule 32(A), [Ala.] R. Jud. Admin., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines." Coleman, 648 So.2d at 606. In its judgment, the trial court calculated the father's child-support obligation according to the basic child-support guidelines and not according to the split-custody provision found in Rule 32(B)(9), Ala. R. Jud. Admin. We find no error in this regard.
The trial court may use the split-custody method only when "`each parent has primary physical custody of one or more children.'" Boatfield v. Clough, 895 So.2d 354, 357
(Ala.Civ.App. 2004) (quoting Rule 32(B)(9), Ala. R. Jud. Admin.).
 "[O]ur Supreme Court has not seen fit to direct the use of [the split-custody] method in joint-custody situations; instead, the Guidelines `do not specifically address the problem of establishing a *Page 933 
support order in joint legal custody situations,' although such custodial arrangements, as we have noted, `may be considered by the court as a reason for deviating from the guidelines,' especially `if physical custody is jointly shared by the parents.'"
Boatfield, 895 So.2d at 357 (quoting Comment, Rule 32, Ala. R. Jud. Admin.). In this case, the divorce judgment incorporating the parties' agreement awarded the mother primary physical custody and the father secondary physical custody. In practice, the parties adhered to this arrangement. The father has never had primary physical custody of either child; thus, Rule 32(B)(9) has no application to the 2006 child-support-modification judgment.
The father nevertheless asserts that because the parties originally calculated child support on a split-custody basis in 2001, the trial court could not use any other method in 2006. We disagree. In a child-support-modification proceeding, the method of calculating child support and the amount derived therefrom in the original judgment is subject to revision pursuant to the application of the child-support guidelines in existence at the time of the modification of the judgment.See, e.g., DeMo v. DeMo, 679 So.2d 265
(Ala.Civ.App. 1996) (although parties agreed father would pay $800 per month without using child-support guidelines, in a modification proceeding the trial court could modify the father's child-support obligation to $600 a month to reflect accurate amount using child-support guidelines). The 2001 divorce judgment did not preclude the trial court from correctly applying the guidelines in effect in 2006.
The father does not assert that the trial court incorrectly calculated his child-support obligation or that the trial court should have deviated from the child-support guidelines because of the substantial amount of time the children are in his physical custody. See Rule 32(A)(1)(a), Ala. R. Jud. Admin. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.