BRYAN, Judge.
Jerry D. Jones (“the father”) appeals from a judgment entered by the Montgomery Circuit Court (“the trial court”) that modified his child-support obligation and ordered him to make retroactive payment to Vanessa P. Jones (“the mother”) for one-half of certain expenses that she had incurred on behalf of the parties’ three children (“the children”).
The record indicates that the parties were divorced by the trial court in November 2008. The divorce judgment incorporated an agreement of the parties, and, pursuant to that judgment, the parties were awarded joint legal custody of the children and the mother was awarded sole physical custody. The father was awarded visitation with the children every other weekend, two overnight visits each week, and additional holiday and summer visitation, which included three weeks each summer on dates mutually agreed upon by the parties. The father was ordered to pay $450 a month in child support, which represented a deviation from the child-support guidelines because the father agreed to provide for the daily needs of the children while they were in his care. The mother and the father were each ordered to pay one-half of the cost of “school-sponsored” programs for the children that were conducted outside of regular school attendance.
On September 10, 2010, the mother filed a petition for contempt and a petition to modify the father’s child-support obligation. The mother alleged, among other things not relevant to this appeal, that the father had not exercised the extended visitation that was the ground for deviating from the child-support guidelines and that the father had failed to reimburse the mother for certain expenses. Further, the mother contended that, because the father had failed to abide by the terms of the divorce judgment, he should be ordered to pay child support pursuant to Rule 32, Ala. R. Jud. Admin. The mother also requested that the trial court order the father to pay medical, dental, orthodontic, and vision expenses for the children.
The trial court conducted an ore tenus hearing on July 29, 2011. The evidence revealed that the basis for the deviation from the child-support guidelines in the divorce judgment was the father’s award of extended visitation with the children and the provision that he would provide for the material needs of the children while he was exercising custody of the children. Each party presented evidence regarding the amount of visitation that the father had exercised with the children. Most of the evidence presented by each party was disputed by the other party.
The mother submitted into evidence a spreadsheet of expenses totaling $6,004.90 that she had incurred on behalf of the children since the divorce judgment was entered. She claimed that the father was responsible for half of those expenses, per the agreement incorporated into the divorce judgment. The father disputed that he was responsible for paying one-half of those expenses because, he argued, some of the expenses in the mother’s spreadsheet were not expenses for school-sponsored programs. Included on the mother’s spreadsheet of expense were expenditures related to medical bills for the children that were not covered by insurance. The father offered evidence indicating that he had paid one-half of certain medical expenses for the children, based upon an invoice that the mother had sent him. The record indicates that the divorce judgment was silent regarding which party was responsible for the payment of the children’s medical expenses that were not covered by health insurance. The father offered his own expense report, which showed the ex *801 penses he had incurred on behalf of the children. He averred that the report showed that he was providing for the children while they were in his care, which was around 50% of the time.
The father further argued that his income was materially the same as it had been in 2008 but that the mother’s income had increased so as to warrant elimination of his child-support obligation. However, the CS-42 forms used in the initial determination of the father’s child-support obligation indicated that the father’s income had actually increased $127 a month since the divorce judgment was entered, from $4,249 to $4,376, and that the mother’s income had actually decreased $128 a month since the divorce judgment was entered, from $3,738 to $3,610.
The record indicates that the father had paid the cost of health insurance for the children during the parties’ marriage and that he had continued to pay the cost of their health insurance after the parties divorced, despite the fact that the divorce judgment did not specifically require him to do so. However, the record indicates that the children’s health-insurance costs — i.e., $268 a month — were attributed to the father in the CS-42 child-support form that was used in the parties’ divorce proceedings to determine the father’s child-support obligation, although, as noted above, the parties’ ultimately agreed to a deviation from the child-support guidelines due to the father’s award of extended visitation with the children. The mother testified that the children could receive health insurance through her employer at the cost of $25 a month. At the conclusion of the ore tenus hearing, the parties stipulated that, in the future, the mother would provide health insurance for the children and that each party would be responsible for one-half of the children’s medical expenses that were not covered by health insurance.
On August 19, 2011, the trial court entered a final judgment that incorporated the parties’ agreement regarding health insurance and noncovered medical expenses discussed above. The judgment further stated, in pertinent part:
“2. That the Court finds that the [father] did not pay one-half (1/2) of the medical bills, nor one-half (1/2) of the school-related activities to the [mother]. However, the [father] claimed that he did not receive any notice of a majority of these bills, and the [mother] confirmed that she did not send them after he did not respond to the first notice. Therefore, the [father] is not found in contempt of court. He is, however, ordered to reimburse the [mother] $2,714.75, which represents one-half (1/2) of the difference between what she paid for these bills and what he has previously reimbursed her. The [father] shall pay that said amount at the rate of $100 a month until the same is paid in full.
“3. That the parties originally agreed on an amount of child support which did not follow the guidelines due to the fact that the [father] was going to be keeping the children more than the amount of time that would have been awarded in a regular visitation order. There was conflicting testimony as to whether or not the [father] had followed the terms of the agreement, but there was insufficient evidence presented to come to a conclusion one way or the other whether or not he had followed the visitation as set out. Furthermore, the [mother] did testify that the [father] is now back following the schedule as set out in the divorce agreement. Therefore, since both the income and the amount of visitation are relatively the *802 same as they were at the time the agreement was entered, this Court could find no grounds to justify a modification in child support at this time.”
On September 19, 2011, the mother filed a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P., requesting that the trial court either order the father to pay child support pursuant to Rule 32 or modify the father’s child-support obligation to reflect the cost of the health insurance that he no longer pays. The trial court granted the mother’s postjudgment motion in part, and it issued an amended judgment on October 19, 2011. The court acknowledged that, at the time the divorce judgment was entered, the father was paying $718 a month for the “benefit and welfare of the children.” The trial court made this determination by adding $450 a month in child support plus $268 a month for health insurance. Thus, the trial court agreed with the mother’s argument that, because the father was no longer paying $268 a month for health insurance, there had been a “material change in amounts paid by the [father],” thereby justifying a modification of the father’s child-support obligation. The trial court held that “[t]his drop in the [father]’s financial responsibility is a significant difference and justifies a change in the amount of child support.” Based on those findings of fact, the trial court ordered the father to pay $718 a month in child support. Without filing any postjudgment motions, the father timely appealed.
On appeal, the father argues: (1) that the trial court improperly modified his child-support obligation because there had not been a material change in circumstances and (2) that the trial court erred by making him retroactively responsible for certain expenses that he was not obligated by the divorce judgment to pay.
Our standard for reviewing these issues is well settled:
“When a trial court hears ore tenus evidence, its judgment based on facts found from that evidence will not be disturbed on appeal unless the judgment is not supported by the evidence and is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990). Further, matters of child support are within the sound discretion of the trial court and will not be disturbed absent evidence of an abuse of discretion or evidence that the judgment is plainly and palpably wrong. Id.”
Spencer v. Spencer, 812 So.2d 1284, 1286 (Ala.Civ.App.2001). However, the trial court’s application of law to facts is reviewed de novo. See Ladden v. Ladden, 49 So.3d 702, 712 (Ala.Civ.App.2010).
The father first argues that the trial court erred by concluding that there had been a material change in circumstances since the entry of the divorce judgment. Specifically, he contends that the trial court incorrectly applied the law when it modified his child-support obligation to reflect the cost of the health insurance that he was no longer providing for the children.
Rule 32(A)(3)(c), Ala. R. Jud. Admin., states, in pertinent part:
“There shall be a rebuttable presumption that child support should be modified when the difference between the existing child-support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child-support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.”
It is undisputed that the difference between the father’s original child-support *803 obligation varied by more than 10% from the amount determined by application of the child-support guidelines. However, the father’s original child-support obligation was the result of a rebuttal of the guidelines because it was by “fair, written agreement between the parties establishing a different amount and stating the reasons therefor.” Rule 32(A)(i), Ala. R. Jud. Admin. Thus, modification of the father’s child-support obligation was proper if there “ ‘has been [a] change in the circumstances that resulted in the [initial] rebuttal of the guidelines.’ ” Duke v. Duke, 872 So.2d 153, 157 (Ala.Civ.App.2003) (quoting former Rule 32(A)(3)(b), Ala. R. Jud. Admin.).[1] Although the mother alleged that there had been a change in the circumstances that resulted in the rebuttal of the guidelines, i.e., that the father had not been exercising his visitation to the full extent, the trial court did not find that the circumstance that resulted in the initial rebuttal of the guidelines had changed so as to warrant modification under Rule 32(A)(3)(c). Accordingly, the mother was not entitled to a rebuttable presumption that the father’s child-support obligation was due to be modified.
However, even when there is no rebuttable presumption that a party’s child-support obligation should be modified, we have held that
“a trial court may [still] modify a child-support award ‘upon proof of a material change of circumstances that is substantial and continuing.’ E.g., Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997). See also Williams v. Brad-dy, 689 So.2d 154 (Ala.Civ.App.1996) (explaining that the ‘material change in circumstances’ standard applies even if the presumption in favor of modification under [former] Rule 32(A)(3)(b) is not applicable). See generally Thomas v. Vanhorn, 876 So.2d 488, 491 (Ala.Civ.App.2003) (‘Child-support judgments are never absolutely “final” in the strictest sense, because such judgments are always subject to modification in the future upon a showing of a material change in circumstances.’).”
Reeves v. Reeves, 894 So.2d 712, 714 (Ala.Civ.App.2004).
 This court has held that “ ‘[t]he standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs.’ ” Allen v. Allen, 966 So.2d 929, 932 (Ala.Civ.App.2007) (quoting Coleman v. Coleman, 648 So.2d 605, 606 (Ala.Civ.App.1994)). Although the record indi cates that the mother would be incurring an additional $25 a month for the needs of the children, this court has held that such a minimal additional monthly expense does not constitute a material change in circumstances. See Reeves, 894 So.2d at 715 (holding that an increase in the children’s expenses in the amount of $30 a month did “not constitute a material change in the needs, conditions, and circumstances of the children”). Our review of the record fails to lead us to any other evidence that might support a finding that there has been a material change in the needs, conditions, or circumstances of the children.[2] Be *804 cause the mother failed to prove that there has been a material change in circumstances since the divorce judgment was entered, we conclude that the trial court erred by modifying the father’s child-support obligation. Accordingly, that aspect of the trial court’s judgment is reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
The father also argues that the trial court erred by requiring him to reimburse the mother for one-half of the expenses she had incurred on behalf of the children. However, we will not address that argument on appeal because the father has wholly failed to comply with Rule 28(a)(10), Ala. R.App. P., which requires an appellant to cite the cases, statutes, and other authorities the appellant relies on to support the arguments made on appeal. See Swindle v. Swindle, 55 So.3d 1234, 1244 (Ala.Civ.App.2010) (quoting White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008)) (the appellant’s failure to comply with Rule 28(a)(10) provides this court with a basis for disregarding the appellant’s argument). Accordingly, that aspect of the trial court’s judgment that requires the father to pay the mother one-half of certain expenses she incurred on behalf of the children is affirmed.[3]
Accordingly, the trial court’s judgment modifying the father’s child-support obligation is reversed, and the cause is remanded with instructions to the trial court to enter a judgment consistent with this opinion. The remainder of the trial court’s judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.
THOMPSON, P.J., concurs in part and dissents in part, with writing.

. Effective January 1, 2009, ''[fjormer subsection (b) of Rule 32(A)(3) was moved to subsection (c).” Comment to Amendments to Rule 32, Ala. R. Jud. Admin., Effective January 1, 2009.

. We note that this court has held that "the increase in age of a minor child and the correlative increase in need for support, when coupled with the increase in the cost of living due to inflation [over a period of seven years], [was] sufficient to constitute a material change of circumstances,” where the father's income had increased and the mother had recently become unemployed. Campbell v. Tolbert, 656 So.2d 828, 829-30 (Ala.Civ.App.1994). However, in the present case, only *804 two years had passed since the divorce judgment was entered and the trial judge found that "the parties were making about the same amount as they were making when the original settlement agreement was entered into.”

. Although this court will not address the merits of the father’s argument on appeal, we note that the trial court could have concluded that the father, during his testimony at the ore tenus hearing, accepted responsibility for paying one-half of any noncovered medical expenses that had been incurred by the children, despite the fact that the divorce judgment did not require him to contribute one-half of any noncovered medical expenses.