THOMPSON, Presiding Judge.
Calvin Lackey, Jr. (“the father”), appeals from a judgment of the Calhoun Circuit Court (“the trial court”) denying his request to modify his child-support obligation and ordering him to pay $2,450 to Christa Dianne Lackey (“the mother”) for child-support arrearages. In the judgment, among other things not relevant to this appeal, the trial court also denied the mother’s petition seeking to hold the father in contempt based on his failure to pay child support. The mother did not cross-appeal.
The record indicates the following. The mother and the father were married in 2006, and two children were born during *944 the marriage. The trial court divorced the parties by a judgment entered on November 12, 2013. In the divorce judgment, which incorporated an agreement of the parties, the father was ordered to pay monthly child support of $350. At the time the divorce judgment was entered, the father said, he had been laid off from work and was unemployed. Nonetheless, he said, he agreed to the amount of child support ordered in the judgment.
The father obtained employment shortly after the divorce judgment was entered. He testified that he injured his back lifting heavy boxes while at work in September 2014, and he has not woi-ked since November 2014. The father has filed a workers’ compensation action against his employer; the record reflects that that action remained pending throughout the child-support-modification action. The father presented evidence, including medical records, to support his contention that he has two bulging discs and one torn disc and that he continues to have pain as a result of his back injury. He said that he has received epidural steroid blocks but that they do not relieve his pain. He also testified to the physical limitations his injury has caused.
On February 13, 2015, the father filed the petition seeking a suspension or modification of his child-support obligation based on his inability to work because of the back injury. At the hearing on the petition to modify, the father acknowledged that he had not made any child-support payments since filing his petition. On August 13, 2015, after the evidentiary hearing, the trial court entered a judgment finding that the father was unemployed when he entered the agreement to pay $350 a month in child support and that he was unemployed at the time he filed his petition for a suspension or modification of child support. The trial court then denied the father’s petition “due to lack of proof.” The trial court did not elaborate on the basis for its denial of the petition. The father filed a timely motion to alter, amend, or vacate the judgment in which he argued that the trial court had erred in denying his petition because, he said, he is now unable to work because of his back injury. The trial court denied the post-judgment motion. The father filed a timely notice of appeal.
The father contends that, because of his back injury, his ability to earn has been “impaired” since the initial establishment of his child-support obligation. Although he was unemployed at the time he agreed to pay $350 a month in child support, the father said, that agreement was based on his anticipation that he would obtain employment and be able to pay the required child support. Now, the father says, he is unable to work or obtain employment because of the pain he has as a result of the injury and because of the physical restrictions placed on him. The father contends that the difference between being unemployed but able to work and being unemployed and physically unable to work constitutes a material change in circumstances warranting the requested modification.
“ ‘An award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing. Browning v. Browning, 626 So.2d 649 (Ala.Civ.App.1993). The parent seeking the modification bears the burden of proof. Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994). Whether circumstances justifying modification of support exist is a matter within the trial court’s discretion. Id. We will not disturb the trial court’s decision on appeal unless there is a showing that the trial court abused that discretion or that the *945 judgment is plainly and palpably wrong. Id.; Douglass v. Douglass, 669 So.2d 928, 930 (Ala.Civ.App.1995).’
“Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997). ‘This court has held that “‘[t]he standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs.’ ” ’ Jones v. Jones, 101 So.3d 798, 803 (Ala.Civ.App.2012) (quoting Allen v. Allen, 966 So.2d 929, 932 (Ala.Civ.App.2007), quoting in turn Coleman v. Coleman, 648 So.2d 605, 606 (Ala.Civ.App.1994)).”
Broadway v. Broadway, 184 So.3d 376, 385-86 (Ala.Civ.App.2014). However, “a trial court’s ‘discretion is not unbridled,’ and that court ‘is not at liberty to ignore the undisputed evidence concerning a parent’s ability to pay.’ State ex rel. Smith v. Smith, 631 So.2d 252, 254 (Ala.Civ.App.1993).” Poh v. Poh, 64 So.3d 49, 58 (Ala.Civ.App.2010).
The trial court’s judgment refusing to suspend or modify the father’s child-support obligation appears to be based on a determination that, because the father was unemployed at the time he agreed to pay child support and was again unemployed at the time he filed his petition to modify, there is a “lack of proof’ of a material change in circumstances warranting modification. However, the judgment is not clear that the trial court meant there was a lack of proof demonstrating a material change of circumstances. We note that the trial court declined to hold the father in contempt for his failure to make child-support payments after filing his modification petition “due to [his] injury and his pending workers’] compensation action.” Thus, it appears that the trial court believed the father’s assertion that he is unable to work to be true.
This court agrees with the father that there is a difference between being unemployed because of being laid off from a previous job but still being able and willing to work and being unemployed because of an injury that prevents one from physically being able to work or obtain employment. At the time the father agreed to pay child support, he was actively seeking a job, and, in fact, the evidence shows, he did find employment. However, the father contends that, when he filed his modification petition, he was unable to work and that he will not be able to obtain employment in his present condition. Thus, if the trial court found the father’s evidence credible, the father has presented evidence demonstrating an inability to pay his child-support obligation. A parent’s inability to pay is a factor the trial court must consider when determining child support. Poh, 64 So.3d at 58.
As the judgment is written, this court is unable to determine what the trial court concluded the father failed to prove, i.e., whether he failed to prove that he is unable to work, whether he failed to prove that he does not have sufficient income from any source to pay child support, see Rule 32, Ala. R. Jud. Admin., whether he failed to prove the existence of a material change in circumstances, or whether he failed to prove any other ground that would justify denying the modification petition. Accordingly, we reverse the judgment and remand the cause to the trial court for it to clarify the basis for its judgment. If the trial court determines that the father has failed to prove a material change in circumstances on the basis that he was unemployed at the time the divorce judgment was entered and was also unemployed at the time he filed his modification petition, the trial court is instructed to consider the father’s ability to pay child support and to enter a judgment accordingly. See Poh, supra. We note that whether a modification of a child-support obligation should be made retroactive to the date the petition was filed is a *946 decision left to the sound discretion of the trial court. Volovecky v. Hoffman, 903 So.2d 844, 850 (Ala.Civ.App.2004). Thus, on remand, if the trial court suspends or modifies the father’s child-support obligation, it is also instructed to consider whether the modification should be retroactive to the date the father filed the petition to modify.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.