THOMPSON, Presiding Judge.
*46 Judith M. Tolbert ("the mother") appeals from a judgment of the Madison Circuit Court ("the trial court") denying her request for a modification of custody and child support.[1] In response to the mother's complaint, Damon G. Tolbert ("the father") filed a counterclaim in which he, too, sought a modification of custody and child support. The trial court denied the father's request as well.
The record indicates the following evidence relevant to the issues on appeal. On January 6, 2014, the trial court entered a judgment divorcing the parties and incorporating a settlement agreement ("the agreement") they had reached. At the time of the divorce, the parties had four minor children. The agreement provided that the parties
"shall exercise joint legal and joint physical custody of the minor children, with primary physical custody vested in the [mother]. The parties shall exercise periods of visitation at any and all times agreed upon by both parties; however, if the parties cannot agree, the [father] shall exercise visitation based upon this Court's Standard Visitation Schedule, attached hereto as Exhibit A.
"....
"The parties agree that no child support shall be paid from one to the other based upon the joint custodial arrangement and the liberal visitation agreement; however, both parties agree to be responsible for one half of any particular child's expenses. Whenever one of the parties shall incur an expense related to a child's extracurricular expenses, [the other] party shall pay half of the expense within thirty (30) days of receipt of the expense. The [father] agrees to be responsible for the clothing and essentials of [the first-born child and the third-born child]."
The parties further agreed that the father would be responsible for obtaining and maintaining the children's health insurance and that each party would equally divide health and dental costs incurred by the children that were not covered by insurance.
At the hearing on the parties' respective modification requests, the mother testified that, "verbally, we agreed that we would each have the kids the same amount of time; and if at one point we couldn't agree, we would go back to standardized visitation." At the time the agreement was reached, the mother said, the father lived within four miles of the mother. About six months after the parties divorced, the father moved from Madison County to Hartselle, where his then girlfriend lived. That woman and the father have since married, and the father continues to reside in Hartselle. The mother said that the father's house is about 45 minutes from her house.
At first, the parties alternated custody of the children weekly. After the father moved to Hartselle, the mother said, when the children stayed with the father, they were often late for school. That, the mother said, is when she made the decision to implement the default standard-visitation schedule. The father testified that he had not wanted to end the alternating, weekly custody arrangement and that the mother unilaterally made the decision to do so. Nonetheless, at the time of the modification hearing, the parties had been adhering to the standard-visitation schedule for approximately three and one-half years. The mother testified that that schedule *47 was working well. The standard-visitation schedule allowed the children to spend Wednesday nights with the father. The mother acknowledged that, in the six months before the modification hearing, the children had not been late for school after staying with the father on Wednesday nights.
The oldest child had reached the age of majority and appeared to be living independently. The father said that he had not seen the oldest child in three years and had not purchased any clothing or other items for her during that time. We note that there is nothing in the record to indicate that the mother was providing support to the oldest child. The father picked up the eldest minor child from school every day and took that child to the mother's office. The father also took the minor children (hereinafter referred to collectively as "the children") to softball practice in Hartselle and to softball tournaments on the weekends. One of the children testified that, except for softball, none of the children were involved in extracurricular activities. The mother said that the father has been available to pick up the children if they become sick at school. The father attended field trips with the youngest child. The mother acknowledged that the father was active with the children.
Regarding financial support of the children, the mother testified that she had not reimbursed the father for her share of any of the children's expenses while they were playing softball, including registration fees, the costs of their uniforms, and "participation" expenses. At the modification hearing, the mother testified that she had not agreed to register the children to play softball in Hartselle and that she had told the father that, because of her work schedule, she would not be able to take them to practice. She acknowledged that there is not a softball team available for the children near her house.
The mother also testified that she had not reimbursed the father for her share of the expenses for the children's field trips for which the father had paid or for the medical copays he had paid. The mother said that the father had not provided her with receipts for which he sought reimbursement and that, by the same token, she had not provided the father with any receipts for expenses for which she could have been reimbursed. The father echoed the mother's testimony, and it appears that each parent paid for items for the children as needed and neither sought reimbursement from the other. The father acknowledged that the mother probably bought more clothes for the children, but, he said, he bought them clothes or shoes when they asked him for something. However, the father said that he had not paid anything in the way of support to the mother because, he said, she had neither asked him for money nor let him know she needed additional money.
When asked what the change in circumstances was that prompted her to seek a modification of the child-support arrangement, the mother said: "Groceries increased, clothing costs, activities for them to do, daycare costs-just, you know, the costs of raising daughters." Other than pointing out that the eldest minor child would have to have automobile insurance when she begins driving, the mother did not provide the court with any specific cost increases that it could consider. The mother said that, when she entered into the agreement, she believed the children would be spending more time with the father.
The trial court entered a judgment on March 21, 2017, denying both parties' requests for a modification of the custody and child-support arrangement the parties *48 had reached in their agreement. The mother filed a postjudgment motion, which was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The mother then filed a timely appeal to this court. The father did not favor this court with a brief on appeal.
The mother contends that the trial court erred by, she says, failing to determine that she had sole physical custody of the children and to amend the language in the divorce judgment incorporating the agreement to reflect that she had actually been awarded sole physical custody of the children. In support of this contention, the mother cites a number of cases in which this court has construed judgments awarding the parties "joint physical custody" but vesting one parent with "primary physical custody" as meaning the parent with primary physical custody has sole physical custody as that term is defined in § 30-3-151(5), Ala. Code 1975. We did not reverse any of those judgments to require that the custody language be modified to reflect the statutory terms as opposed to the trial courts' own language.
The point of the mother's argument as to this issue is unclear. The record shows that the parties have been behaving as though the mother has sole physical custody of the children subject to the father's visitation, pursuant to the standard visitation schedule, for three and one-half years before the hearing in this action. The mother herself testified that the current arrangement has been working well.[2] There is no language in the March 21, 2017, judgment that can be construed as a determination that the mother does not have sole physical custody of the children. Simply put, there is no basis for reversal as to this issue.
The mother also contends that the trial court erred by failing to award her child support. Specifically, the mother argues that, since the divorce judgment was entered, there has been a material change in circumstances such that modification of the parties' agreement regarding child support, which was incorporated into the divorce judgment, is warranted.
" ' "An award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing. Browning v. Browning, 626 So.2d 649 (Ala. Civ. App. 1993). The parent seeking the modification bears the burden of proof. Cunningham v. Cunningham, 641 So.2d 807 (Ala. Civ. App. 1994). Whether circumstances justifying modification of support exist is a matter within the trial court's discretion. Id. We will not disturb the trial court's decision on appeal unless there is a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong. Id.; Douglass v. Douglass, 669 So.2d 928, 930 (Ala. Civ. App. 1995)."
" ' Romano v. Romano, 703 So.2d 374, 375 (Ala. Civ. App. 1997). "This court has held that ' "[t]he standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs." ' " Jones v. Jones, 101 So.3d 798, 803 (Ala. Civ. App. 2012) (quoting Allen v. Allen, 966 So.2d 929, 932 (Ala. Civ. App. 2007), quoting in turn Coleman v. Coleman, 648 So.2d 605, 606 (Ala. Civ. App. 1994) ).'
*49 " Broadway v. Broadway, 184 So.3d 376, 385-86 (Ala. Civ. App. 2014). However, 'a trial court's "discretion is not unbridled," and that court "is not at liberty to ignore the undisputed evidence concerning a parent's ability to pay." State ex rel. Smith v. Smith, 631 So.2d 252, 254 (Ala. Civ. App. 1993).' Poh v. Poh, 64 So.3d 49, 58 (Ala. Civ. App. 2010)."
Lackey v. Lackey, 217 So.3d 943, 944-45 (Ala. Civ. App. 2016).
" 'This court has held that " '[t]he standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs.' " ' Jones v. Jones, 101 So.3d 798, 803 (Ala. Civ. App. 2012) (quoting Allen v. Allen, 966 So.2d 929, 932 (Ala. Civ. App. 2007), quoting in turn Coleman v. Coleman, 648 So.2d 605, 606 (Ala. Civ. App. 1994) ). 'There must be evidence before the trial court that a material change in circumstances has occurred before the child support obligation can be modified.' Layfield v. Roberts, 599 So.2d 1169, 1173 (Ala. Civ. App. 1991) (citing Sansom v. Sansom, 409 So.2d 430 (Ala. Civ. App. 1981) ). A trial court exceeds its discretion when it increases a party's child-support obligation without any evidence to support that a material change has occurred. Id."
Broadway v. Broadway, 184 So.3d 376, 386 (Ala. Civ. App. 2014).
In her attempt to obtain child support, the mother argued before the trial court, and asserts on appeal, that there has been a material change in circumstances since the entry of the divorce judgment, which incorporated the parties' agreement that neither party would pay child support to the other. The divorce judgment acknowledged that "the Child Support Guidelines as set out in Rule 32 of the Alabama Rules of Judicial Administration have not been followed and applied based upon the parties' agreement that each party is to have liberal visitation with the children."
At the modification hearing, the mother testified that the material change in circumstances that prompted her to request child support was that "[g]roceries increased, clothing costs, activities for [the children] to do, daycare costs-just, you know, the costs of raising daughters." The mother said that the children favored more expensive clothes and ate more than they used to when they were younger. Additionally, the mother said, the eldest minor child would be driving soon, so the mother's automobile-insurance premium would increase.
Additionally, the mother testified, when she entered into the agreement, she expected the father to have custody of the children more frequently than he did, so, she said, she has more daily costs than she thought she would have. She pointed out that the father was no longer responsible for expenses regarding the oldest child, as he was when the agreement was reached.
The father acknowledged that the children's food and clothing costs had increased since the parties divorced. He also acknowledged that the children spent more time with the mother than had been contemplated when the agreement was entered. However, he said, the mother had made that decision and it was not his choice to spend less time with the children. The father also testified that he has not contributed money to the mother for child support because the mother had not requested any financial assistance.
Evidence also demonstrates that the oldest child, for whom the father had agreed to pay expenses, has attained the age of majority and is no longer financially supported by either party. Thus, pursuant to *50 the terms of the agreement, the father is now financially responsible for "the clothing and essentials" for only one child, while the mother remains financially responsible for the "clothing and essentials" for two children. Although the agreement awarded the parties joint legal and physical custody of the children, the agreement also vested the mother with primary physical custody of the children and established a visitation schedule for the father. In practice, the mother has had sole physical custody of the children for all but the first six months after the entry of the divorce judgment.
Admittedly, this is a close case. However, based on the record before us, this court concludes that the mother met her burden of demonstrating that a material change in circumstances has occurred since the entry of the 2014 divorce judgment. Broadway, supra. Because of the additional expenses the mother incurs as a result of having sole physical custody of the children, and the increasing financial needs of the children as they have become older, which the father concedes, the mother has demonstrated that she is entitled to receive child support from the father. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for the trial court to determine the father's child-support obligation.
REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

In the complaint, the mother also sought to have Damon G. Tolbert, the father held in contempt. The trial court denied the mother's request. The mother does not appeal from that determination.

The caselaw relied upon by the mother demonstrates that this court has interpreted awards of "primary physical custody," such as the one in the parties' divorce judgment, as an award of sole physical custody. See, e.g., Whitehead v. Whitehead, 214 So.3d 367 (Ala. Civ. App. 2016), and Williams v. Williams, 75 So.3d 132, 138-39 (Ala. Civ. App. 2011).